Francisco ACEVEDO RAMIREZ,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellee.

No. 76–1169.

United States Court of Appeals,
First Circuit.

Submitted Dec. 22, 1976.

Decided Jan. 5, 1977.

A. Suarez Zayas, Pedro J. Varela, Maria Dolores Fernos, Pedro J. Saade Llorens and Sonia A. Rodriguez, Hato Rey, P. R., on brief for appellant.

Rex E. Lee, Asst. Atty. Gen., Julio Morales Sanchez, U.S. Atty., San Juan, P. R., Morton Hollander and Mark H. Gallant, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D.C., on brief for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

This is an appeal from the lower court's sustaining the Secretary's denial of an application for medical disability. We affirm.

Appellant argues that the administrative law judge did not give sufficient weight to his subjective complaints of pain. For the reasons recited in the lower court's opinion, we hold that there was substantial evidence for discrediting this testimony. Additionally, there was no error in the Secretary's determination that there were positions appellant could hold in his region, even with his reduced vision, back and leg pains, and hemorrhoidal discomfort.

The only issue that is raised before us that was not addressed by the district court is whether the Secretary's determination must be rejected because the administrative law judge did not explicitly state that she was discrediting the claimant's subjective testimony of the extent of his pain. The factual context in which this argument arises is a pair of hypothetical questions which the administrative law judge posed to the vocational expert. In the first, she presented the appellant's vision problems, as described by the ophthalmologist, and the limitations on his physical activity as found by the doctor most supportive of the claimant, his treating physician, Dr. Jorge E. Sanchez Rosado. She also gave some credence to appellant's claim of "discomfort caused by hemorrhoids." Dr. Puig, the vocational expert, said that he had worked "with persons with impairments similar to those of the claimant" and concluded that appellant could perform specific jobs which were available in the region. In the second hypothetical, the additional factor of continuous pain requiring constant use of a cane was added, and Dr. Puig then held that the appellant could not hold the jobs he had previously named. Prior to asking

these questions, the administrative law judge stated that she was "not going to ask [the vocational expert] to evaluate the medical evidence since that's my responsibility. What I will ask him will be based on certain presumptions I will give him and I expect him to give us his opinion regarding those jobs, if any, which he believes the claimant may be able to perform." Thereafter, in her findings, she held that "considering the claimant's residual physical capacity and his vocational background" he was able to perform those jobs about which the vocational expert had testified.

Thus, in this case, there was a clear, though implicit, discrediting of appellant's subjective testimony as to the extent of his pain. Appellant would have us hold that this finding must be explicit for the denial to be upheld. The cases cited by appellant do not go this far, nor do we. *Baerga v. Richardson*, 500 F.2d 309, 313 (3d Cir. 1974).

*The order of the District Court is hereby affirmed.*