Joey B. ALLEN, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 80–5312

Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

April 15, 1981.

R. A. Culbertson, Greater Orlando Area Legal Services, Inc., Orlando, Fla., for plaintiff-appellant.

Wilbur V. Chaney, Asst. U. S. Atty., Orlando, Fla., for defendant-appellee.

Before RONEY, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

Joey Allen appeals from the denial by the Secretary of Health and Human Resources of his application for disability benefits and supplemental security income under the Social Security Act, 42 U.S.C.A. §§ 423(a); 1381a. The district court affirmed the denial. Allen challenges the legal standard followed and findings of fact made by the administrative law judge, as well as the district court's denial of his motion to remand in light of new evidence. Finding no reversible error and the Secretary's decision to be supported by substantial evidence, we affirm.

Allen is a middle-aged male with a ninth grade education. He has been employed variously as a horse trainer, railroad freight conductor, carpenter, carpenter's helper, and laborer. He was last employed in 1976 as a construction laborer.

On November 18, 1976, Allen applied for disability benefits and supplemental security income, alleging a disability based on pain in and behind his eyes causing him to go unconscious several times a day. After a hearing, an administrative law judge denied the application on the ground Allen was not disabled within the meaning of the Social Security Act, 42 U.S.C.A. § 423(d). This denial was approved by the Appeals Council, thereby making it the final decision of the Secretary. The district court affirmed.

The findings and decision of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C.A. § 405(g). The reviewing court thus has a very limited role, and may not decide the facts anew or substitute its judgment for that of the Secretary. *See, e. g., Goodley v. Harris*, 608 F.2d 234 (5th Cir. 1979); *Simmons v. Harris*, 602 F.2d 1233 (5th Cir. 1979).

In this case, there is substantial evidence to support the Secretary's decision. Medical reports by doctors who had examined Allen between 1974 and 1977 were introduced, including those of two neurologists, two psychiatrists, an ophthamologist, and a specialist in internal medicine and cardiology. As Allen concedes, none of these doctors found any physical or mental impairment which could conceivably cause his alleged pain, although both psychiatrists found Allen suffered from a mild "personality disorder." The ophthamologist and one of the neurologists specifically concluded they believed Allen was capable of working. In addition, a vocational specialist testified that Allen, given his age, education, work experience, mental condition, and complaints of pain, could perform a number of jobs, including his former employment as a laborer.

The only contrary evidence offered was testimony by Allen himself and by his former wife as to his "blackouts" and feelings of pain. Although the administrative law judge did not specifically evaluate the testimony of the ex-wife, he noted that Allen, a "difficult" witness, could not be given a high degree of credibility. After a review of the transcript, we cannot say the judge erred in discounting Allen's testimony. An administrative law judge may properly challenge the credibility of a claimant who asserts he is disabled by pain. *See Simmons v. Harris, supra,* 602 F.2d at 1236; *Gaultney v. Weinberger,* 505 F.2d 943, 946 (5th Cir. 1974). In any event, the resolution of conflicting evidence is for the Secretary and the administrative law judge, rather than for this Court. *See, e. g., Grant v. Richardson,* 445 F.2d 656 (5th Cir. 1971); *Celebrezze v. Maxwell,* 315 F.2d 727 (5th Cir. 1963).

Allen, however, asserts three grounds of error. He first contends the administrative law judge applied an improper legal standard by basing the denial solely on the lack of objective medical evidence and by disregarding his subjective symptoms of pain. He correctly argues that symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability. *See, e. g., DePaepe v. Richardson,* 464 F.2d 92 (5th Cir. 1972); *Page v. Celebrezze,* 311 F.2d 757 (5th Cir. 1963). A review of the opinion of the administrative law judge, however, indicates the judge did consider Allen's symptomology. The judge stated only that "[i]n weighing the evidence, I must *take into consideration* the fact that [Allen's] complaints have not been substantiated by any objective medical evidence" (emphasis supplied). The opinion clearly shows the judge based his decision not only on the lack of medical evidence but also on Allen's failure to prove through testimony he suffered from disabling pain.

Allen next asserts the administrative law judge failed to make adequate findings of fact, specifically with regard to whether he in fact had blackouts and feelings of pain, and whether his former wife was a credible witness. The ultimate findings of fact, however, adequately resolved these subordinate issues. The judge specifically found that Allen's testimony, the primary evidence in support of his allegation of pain, was not credible. He also found that Allen's "impairments [which included 'a Personality Disorder and complaints of pain in his eyes'] do not prevent him from performing certain jobs...." Thus, there was a clear, though perhaps implicit, rejection of the subjective testimony as to the disabling nature of Allen's pain. While the findings in this case could be improved upon, they are sufficient for this Court to determine the denial of benefits is supported by substantial evidence. *Cf. Acevedo Ramirez v. Secretary of Health, Education and Welfare,* 550 F.2d 1286 (1st Cir. 1977) (explicit finding rejecting claimant's testimony as to his pain not required, in light of other findings); *Baerga v. Richardson,* 500 F.2d 309 (3d Cir. 1974) (while further findings concerning claimant's pain would have been desirable, findings actually made were sufficient in view of the record); *Collins v. Matthews,* 456 F.Supp. 813 (S.D. Ga.1978) (unnecessary to make specific findings as to all the facts, since the basis for the denial was clear).

Allen's final contention is that the district court should have remanded the case to the Secretary for additional hearings in light of a new medical report. This report consists of a one-page physical capacities evaluation sheet prepared by a physician identified as G. Lopez, M. D. The district court held the new report did not warrant a remand, in light of the medical reports that had already been presented to the administrative law judge. The court also noted the report gave no indication it was based on clinical tests or anything more than Allen's complaints.

To justify a remand to the Secretary for consideration of additional evidence, a claimant must establish "good cause." 42 U.S.C.A. § 405(g). *See also Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980). We agree with the district court the new report does not provide good cause. The report is at best vague and inconclusive, and unlike the previous medical reports, does not appear to rest on clinical testing and observation. Moreover, Allen has failed to explain why the report was not obtained prior to the initial hearing before the administrative law judge. *See Watts v. Harris*, 614 F.2d 515, 516 (5th Cir. 1980). The district court acted within its discretion in denying the motion to remand.

In upholding the denial of Allen's application, we note Allen has already been examined by two psychiatrists. Neither found any signs of mental or emotional disturbance which could cause the symptoms of pain he alleges. The case is thus distinguishable from *Davis v. Califano*, 599 F.2d 1324 (5th Cir. 1979), where a remand was considered necessary for psychiatric evaluation of the claimant to determine whether the cause of his pain was psychosomatic. In addition, Allen was represented by counsel at the hearing, who was in a position to gather and present evidence in support of Allen's application, as well as to challenge the medical reports introduced and the testimony of the vocational expert. There is no indication, then, he was deprived of a full and fair hearing on his claims. *Cf. Brenem v. Harris*, 621 F.2d 688

(5th Cir. 1980); *Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974).

AFFIRMED.