Edna K. TIENIBER, Plaintiff-Appellant,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 83–3282.

United States Court of Appeals,
Eleventh Circuit.

Dec. 5, 1983.

Robert P. Byelick, St. Petersburg, Fla., for plaintiff-appellant.

Loretta B. Anderson, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

In 1981, petitioner filed an application with the Secretary of Health and Human Services (Secretary) for Social Security disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.* ("Act"). The Secretary denied petitioner's application, claiming that she did not meet the disability requirements. Upon reconsideration, the Secretary reached the same conclusion, and petitioner filed a request for a hearing before an administrative law judge (ALJ) of the Bureau of Hearings and Appeals. After considering objective medical evidence of and subjective testimony concerning petitioner's various alleged disabilities, the ALJ concluded that petitioner failed to establish a disability for purposes of the Act. Pursuant to 42 U.S.C. § 405(g), petitioner then commenced a civil action for review of the Secretary's decision in the district court, contending that the ALJ had made inadequate findings to refute the uncontradicted subjective evidence of petitioner's disability. The magistrate agreed with petitioner, and recommended reversing the Secretary's decision. The district court rejected the magistrate's recommendation and affirmed the Secretary's denial, noting that, although the ALJ did not specifically explain why he rejected the testimony, the record reflected sufficient consideration of the subjective evidence to uphold the ALJ's ultimate finding. The sole issue presented on this appeal is whether, absent a clear credibility determination as to the subjective testimony of petitioner and her daughter, the ALJ's findings were sufficient to uphold his rejection of the claimant's subjective evidence of disability. We have jurisdiction. 28 U.S.C. § 1291; 42 U.S.C. § 405(g).

I.

Petitioner, a 57-year-old woman with an eleventh-grade education, has engaged in various sedentary occupations. She alleges that she has been unable to pursue such occupations since 1975, however, at which time she claims her alleged disability due to arthritis of the spine, status post double mastectomy, status post hysterectomy, nervousness, hypertension, and alcoholism commenced. The only bases of disability not completely disposed of by the ALJ's consideration of the objective medical evidence are nervousness, hypertension, alcoholism and related depression (hereinafter referred to as "disability").

Because the petitioner last met the Act's special earnings requirements[1] in March 1978, the ALJ determined that petitioner was required to establish that she became disabled within the meaning of the Act on or before March 31, 1978. Therefore, the relevant disability period is from July 1975 until March 1978. The evidence of disability during this period consisted of both objective and subjective information. The district court found that the ALJ's rejection of the claimant's objective medical evidence was proper in light of substantial objective medical evidence to the contrary, and we agree. The ALJ's rejection of claimant's subjective evidence of disability, however, presents a more difficult problem and is the subject of this appeal.

---

1. 42 U.S.C. § 423(c).

## II.

Judicial review of factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the Secretary's findings. 42 U.S.C. § 405(g); *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983). A "substantial evidence" standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ. *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 487, 71 S.Ct. 456, 464, 95 L.Ed. 456, 467 (1951); *NLRB v. Randle-Eastern Ambulance Serv., Inc.,* 584 F.2d 720 (5th Cir.1978).

Under the Act, the claimant bears the initial burden of establishing a disability. This burden requires the claimant to prove his inability, due to physical or mental impairment, to perform his previous work. *Boyd, supra,* 704 F.2d at 1209; *Bloodsworth v. Heckler,* 703 F.2d 1233, 1240 (11th Cir.1983). In determining whether the claimant has satisfied this initial burden, the examiner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, *e.g.,* the testimony of the claimant and his family; and (4) the claimant's age, education, and work history. *Boyd, supra,* 704 F.2d at 1210; *Bloodsworth, supra,* at 1240; *Walden v. Schweiker,* 672 F.2d 835, 839 (11th Cir.1982), *quoting De Paepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972). "These factors must be considered both singly and in combination." *Bloodsworth, supra,* 703 F.2d at 1240; *Rodriguez v. Schweiker,* 640 F.2d 682, 685 (5th Cir.1981); *De Paepe, supra,* 464 F.2d at 94.

In the instant case, the ALJ found that petitioner was not disabled principally because first, the relevant period of disability was from 1975 to 1978 and claimant produced no objective medical evidence of her condition between July 1975 and October 1979, and second, "the evidence that is available in no way supports the existence of disabling impairments at any time subsequent to at least mid-1972 until recent neurological evaluation in October 1981 which attempts to relate a disability dating back to 1975." Decision at 4 (Jan. 12, 1982). The ALJ's reference to available evidence includes the testimony of claimant and her daughter, Mrs. Evers. As we read the ALJ's opinion, the ALJ based his conclusion that this subjective evidence was unsupportive of a disability on two express reasons. First, the ALJ noted that claimant's depressive episodes resulted in only two hospitalizations more than a year apart in 1971 and 1972. Second, the ALJ stated that claimant's depressive episodes were not elaborated upon subsequent to May 1972.

The testimony of claimant and her daughter belie these conclusions. First, Mrs. Evers testified that whenever she suggested that her mother return to the hospital during the relevant period, her mother became terrified and refused to go. (Tr. at 55). Mrs. Evers further testified that her mother never actually went to see the family doctor from 1975 to 1979, because he would pressure her to correct her alcohol problem. (Tr. at 55–56). In light of this testimony, the fact that claimant was not hospitalized during the relevant period tends to support, rather than negate, the presence of a disability. Secondly, the ALJ's conclusion that claimant's depressive episodes were not elaborated upon after May 1972 is plainly erroneous. Petitioner testified that she became more depressed and her alcohol problem increased from 1974 to 1978 because she could not find work. (Tr. at 46). Similarly, Mrs. Evers testified that her mother has been a recluse since 1975 (Tr. at 52), and that her mother attempted suicide by hanging herself sometime between 1975 and 1978.

The district court was correct in concluding that the instant case is not a situation in which the ALJ applied an improper standard by neglecting to consider subjective evidence of a disability, No. 82–554–Civ–T–GC, slip op. at 5 (M.D.Fla., Feb. 18, 1983) (citing *Benson v. Schweiker,* 652 F.2d 406,

409 (5th Cir.1981)); indeed, as indicated above, the ALJ made express references to such evidence. The problem in this case, however, is that the record as a whole does not support the ALJ's express reasons for rejecting the subjective proof of a disability.

The insufficiency of the ALJ's reasons for rejecting the subjective evidence is significant because, in certain cases, a Social Security claimant may sustain the initial burden of proving that he was disabled from engaging in his former occupation purely on the basis of credited subjective testimony. *See Bloodsworth v. Heckler,* 703 F.2d 1233, 1242 (11th Cir.1983), and cases cited therein. In the instant case, the insufficiency of the ALJ's reasons for rejecting the subjective evidence is particularly crucial because the only direct evidence produced from the disabling period is the subjective testimony of claimant and her daughter. No other evidence discussed by the ALJ refutes or otherwise contradicts this subjective evidence.

These apparent deficiencies in the ALJ's finding as to claimant's subjective evidence are inconsequential, however, if the ALJ simply did not believe the testimony of claimant and her daughter. Conversely, unless the ALJ found that the testimony of the claimant and her daughter was not credible and such a finding is readily apparent to this reviewing court, the ALJ's conclusion that petitioner was not disabled does not satisfy the substantial evidence standard of review. Thus, the ALJ's credibility determination is the critical factor in our decision upon review.

### III.

An agency's rejection of uncontradicted testimony can support a finding of substantial evidence. *See NLRB v. Walton Mfg. Co.,* 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed.2d 829 (1962); *NLRB v. Florida Citrus Canners Co-op.,* 311 F.2d 541 (5th Cir.1963). *But see Dickinson v. United States,* 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953) (holding that evidence presented must be accepted as true unless impeached or contradicted). *See generally* Mezines, Stein & Gruff,

*Administrative Law,* § 51.02, at 51–34 to –36. Where, as in the instant case, an agency's credibility determination is crucial to the reviewing court's conclusion under the substantial evidence test, the ALJ must have made a sufficient finding as to the witness' credibility. Some courts have been more demanding than others in their determination of a "sufficient" finding as to credibility. The more strict approach requires "that there be an explicit finding whether the Secretary believed or disbelieved the claimant whenever the claimant's credibility is a critical factor in the Secretary's decision." *See Lewin v. Schweiker,* 654 F.2d 631, 634–35 (9th Cir.1981), and cases cited therein; *Duncan v. Harris,* 518 F.Supp. 751, 756 (E.D.Ark.1980); *Thompson v. Harris,* 476 F.Supp. 984, 986 (E.D.Ark. 1979). *See also White Globe Bldg. Maintenance v. Brennan,* 518 F.2d 1271, 1276 (9th Cir.1975). The more lenient approach does not require an explicit finding as to credibility where the claimant's testimony was clearly, though implicitly, discredited. *See Acevedo Ramirez v. Secretary of HEW,* 550 F.2d 1286, 1287 (1st Cir.1977).

The law in this circuit appears to be somewhere between the "strict" and "lenient" approaches. *See, e.g., Boyd, supra,* 704 F.2d at 1210 (noting that "[b]y implying [a credibility] determination rather than expressly stating it, the ALJ has succeeded in muddying the waters ...."). *Cf. Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir. 1979), *quoting Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). In *Allen v. Schweiker,* 642 F.2d 799 (5th Cir.1981), petitioner challenged the Secretary's denial of disability insurance benefits on the ground that the ALJ failed to make an adequate finding of fact regarding the credibility of his former wife's testimony. Both Allen and his wife testified as to his disability. The judge specifically found that Allen's testimony, the primary evidence in support of his alleged disability, was not credible. No such finding, however, was made as to the testimony of Allen's former spouse. Nevertheless, the

court found that the ALJ's credibility determination as to the spouse was clearly implied by the explicit ruling as to Allen's testimony. *Id.* at 801.

■ Although this circuit does not require an explicit finding as to credibility, as *Allen* indicates, the implication must be obvious to the reviewing court. This degree of precision is consistent with the specificity required generally of administrative adjudications. Where an agency's decision concerns specific persons based upon determination of particular facts and the application of general principles to those facts, courts "expect the parties to present specific evidence and closely reasoned arguments, and ... demand that the decisionmaker's opinion indicate an appropriate consideration of the evidence and arguments presented." *Harborlite Corp. v. ICC,* 613 F.2d 1088, 1093 n. 11 (D.C.Cir.1979). Thus, where proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.

■ In the instant case, the implied credibility finding is not sufficiently clear to support the ALJ's conclusion that the petitioner's subjective evidence does not establish a disability. As in *Allen,* both the claimant and a close family member offered complementary testimony as to the claimant's disability. In *Allen,* however, the ALJ specifically found that the claimant's testimony was not credible. 642 F.2d at 801. Although the ALJ made no specific finding as to the claimant's spouse, her testimony was to the same effect as that of the claimant. Therefore, in light of the ALJ's ultimate finding of no disability, the implication was obvious that the ALJ did not regard the testimony of claimant's spouse as credible. By comparison, in the instant case, we must infer such a finding, if at all, solely from the ALJ's ultimate finding. We hold that such an implication is too subtle to measure up to the degree of precision required of adjudicative fact-finding.

Accordingly, we remand to the Secretary with instructions to articulate its credibility determination with sufficient clarity to allow us to determine whether the ultimate finding of no disability is supported by substantial evidence.

REMANDED.