[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 6, 2006
THOMAS K. KAHN
CLERK

No. 06-12788
Non-Argument Calendar

_____

D. C. Docket No. 04-00535-CV-OC-GRJ

ESSIE TAYLOR, as Grandparent
and legal guardian of Jaquan
N. McCaster, a minor,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 6, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Essie Taylor ("Taylor"), on behalf of her grandson, Jaquan N. McCaster ("McCaster"), appeals the district court's denial of her application for child supplemental security income ("SSI"), filed pursuant to 42 U.S.C. § 1383(c)(3). After careful review of the record and the parties' briefs, we AFFIRM.

## I. STANDARD OF REVIEW

We review a social security case to determine whether the ALJ's decision is supported by substantial evidence and whether the correct legal standards were applied. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]," but, rather, "we must defer to the Commissioner's decision if it is supported by substantial evidence." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (citation omitted). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citation omitted). "Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## II. DISCUSSION

Taylor raises two arguments on appeal.  She first contends that the administrative law judge ("ALJ") erred by failing to make a proper credibility determination regarding her testimony, since she was McCaster's primary caretaker.  Taylor also claims that the ALJ erred by relying upon the opinion of Dr. David M. Bortnick.  We address each assertion in turn.

### A. Credibility Determination

Credibility determinations are for the Commissioner, not the courts.  See Bloodsworth v. Heckler, 703 F.2d 1233, 1242 (11th Cir. 1983).  "A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case."  Foote, 67 F.3d at 1562 (citation omitted).  We have stated that

> [a]lthough this circuit does not require an explicit finding as to credibility . . . the implication must be obvious to the reviewing court. . . . Thus, where proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the [Commissioner]'s decision, the ALJ  must either explicitly discredit such testimony or the implication must so clear as to amount to a specific credibility finding.

Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (per curiam).  In Tieniber, we held that "the implied credibility finding [was] not sufficiently clear to support the ALJ's conclusion that the petitioner's subjective evidence [did] not

3

establish a disability." Id.

Taylor asserts that the ALJ committed reversible error by failing to make any credibility determination regarding her testimony. Taylor argues that such a finding of credibility was critical in this case because she was the person most familiar with McCaster's functioning. Taylor's testimony, however, is distinguishable from the "critical" testimony that was at issue in Tieniber. In Tieniber, "the insufficiency of the ALJ's reasons for rejecting the subjective evidence [was] particularly crucial" because the claimant and her daughter's testimony was "the only direct evidence produced from the disabling period" and "[n]o other evidence discussed by the ALJ refute[d] or otherwise contradict[ed] this subjective evidence." Id. at 1254. In contrast, here, Taylor's testimony was not the only evidence from the period of disability. The ALJ considered other evidence, including McCaster's medical and school records and testimony from McCaster himself.

Furthermore, the ALJ did make a credibility determination. Although the ALJ did not make an explicit finding regarding the credibility of Taylor's testimony, the ALJ stated "[a]fter carefully reviewing all the evidence including the testimony at the hearing, the undersigned gives significant weight to the evidence from Dr. Bortnick . . . ." R2 at 18 (administrative record of the Social

4

Security Administration proceedings).  Consequently, the implication that the ALJ

discredited Taylor's testimony based on the findings in Dr. Bortnick's report is "so

clear as to amount to a specific credibility finding."  See Foote, 67 F.3d at 1562

(citation omitted).

B.  Dr. Bortnick's Opinion

Taylor claims that the ALJ's finding that Dr. Bortnick's opinion is consistent

with the totality of the evidence was not based on substantial evidence.

Specifically, Taylor argues that the ALJ committed reversible error in relying on

the opinion of Dr. Bortnick, asserting that Dr. Bortnick based his findings on the

statements of McCaster, then a four-year old child, who was unaccompanied at the

evaluation session, and that Dr. Bortnick allegedly failed to review all of

McCaster's medical and school records.

Upon review of record and consideration of the parties' briefs, we find that

the ALJ's decision to give significant weight to Dr. Bortnick's assessment is

consistent with the totality of the evidence and Dr. Bortnick's evaluation provides

substantial evidence to support the ALJ's findings.  Although McCaster was

unaccompanied when Dr. Bortnick evaluated him, Taylor brought McCaster to the

evaluation and Dr. Bortnick noted that Taylor "provided information about

[McCaster's] history and current-status."  R2 at 373.  Taylor claims that she would

5

have corrected McCaster's misstatements; specifically, McCaster indicated that he performed self-care activities by himself, whereas Taylor testified that McCaster wet himself approximately every two days and that she sent extra clothes to school and dressed him. Even assuming Taylor would have clarified this discrepancy, these facts alone would not support a finding that McCaster had marked or severe limitations in light of the other medical evidence of record that supports Dr. Bortnick's assessment and the ALJ's decision. The State Agency physicians determined that McCaster had impairments of mixed developmental delay and some motor delay, but that these impairments did not meet, medically equal, or functionally equal, an impairment as listed in the applicable regulations. See 20 C.F.R. § 416.924(d). Both State Agency physicians found that McCaster's functioning was either less than marked or had no limitation in the areas of acquiring and using information, interacting and relating with others, moving about and manipulating objects, caring for one's self, and health and physical well-being. Additionally, while Taylor asserts that school records revealed instances of misbehavior, the school and care records also reflected instances of acceptable behavior.[1] Dr. Bortnick's conclusion regarding McCaster's functional ability is

---

[1] Although the ALJ did not specifically discuss McCaster's school records, "[o]ur standard of review is . . . whether the ALJ's conclusion as a whole was supported by substantial evidence in the record." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam). We do not require the ALJ to "specifically refer to every piece of evidence in his decision," so

6

supported by his medical findings and is consistent with the record as a whole.  In

sum, there is substantial evidence to support the ALJ's determination that

McCaster is no longer eligible for SSI payments.

### III.  CONCLUSION

Based on the foregoing, the denial of child supplemental security income is

**AFFIRMED**.

---

long as the decision is sufficient to allow this Court to conclude the ALJ considered the
claimant's medical condition as a whole.  Id.