[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10576
Non-Argument Calendar

_____

D. C. Docket No. 05-00053-CV-5

JOHN DAVID CARTER,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Acting Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 2, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

John David Carter appeals the judgment of the district court that affirmed

the denial of Carter's application for supplemental security income benefits. Carter argues that the ALJ failed to review an unsworn statement of a coworker and contends that the district court erred when it found that the ALJ implicitly determined that the statement was not credible. Because the denial of Carter's application for supplemental security income was supported by substantial evidence and the ALJ applied the correct legal standards, we affirm.

Carter filed an application for disability insurance and supplemental security income benefits on April 21, 2003, and alleged that he became disabled on April 2, 2003, because of coronary vascular disease. At the hearing before the ALJ, Carter testified that he had a heart condition that caused him to have high blood pressure resulting in dizzy spells, shortness of breath, heart racing, chest pain, lightheadedness, and extreme fatigue. Carter also submitted into the record an unsworn statement from Terrie S. Culver, who worked with Carter at the Pierce County Department of Family and Children's Services, where Carter was required to work as a recipient of benefits from the Temporary Assistance to Needy Families program. Culver's unsworn statement of one paragraph repeated Carter's complaints of "physical ailments as he suffers problems with breathing and reports to us chest pain that has required him to leave and seek medical attention." Culver stated that Carter had been "unable to attend work [at their] site on some days due

to having medical problems associated with his heart condition." After reviewing the evidence, the ALJ concluded that Carter retained the residual functional capacity to perform light work and found Carter not disabled. The ALJ stated in his decision that he considered Carter's subjective allegations of disability, but found the allegations only partially credible. In making his findings, the ALJ stated that he had carefully considered the entire record.

Carter commenced an action in the district court and alleged that the ALJ improperly denied Carter's claim for disability benefits. Carter argued that the ALJ erred when it failed to consider Culver's unsworn statement. The district court concluded that, because Culver's statement duplicated Carter's subjective testimony, the ALJ implicitly considered and discredited Culver's statement in his ultimate finding of no disability.

We review a social security appeal to determine whether the decision of the ALJ is supported by substantial evidence and whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as the reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982). We review de novo the decision of the district court regarding whether substantial evidence supports the findings of

the ALJ.  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

The district court did not err when it concluded that the ALJ implicitly determined that Culver's unsworn statement was not credible.  "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  We do not require an explicit finding about credibility; instead findings may be by implication if they are "obvious to the reviewing court."  See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983).  Because Culver's unsworn statement duplicated and corroborated the subjective complaints and testimony of Carter and the ALJ explicitly found that Carter's testimony was not credible, it is obvious that the ALJ rejected Culver's unsworn statement by implication.

The judgment of the district court is

**AFFIRMED.**

4