[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12214
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cv-00280-JSM-TBM

MONICA R. CLYBURN,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION, SOCIAL SECURITY
ADMINISTRATION,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2014)

Before CARNES, Chief Judge, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Monica Clyburn appeals from the district court's judgment affirming the Administrative Law Judge's denial of supplemental social security income benefits.   She contends that the ALJ gave improper weight to her treating physician's silence about her residual functional capacity.  She also challenges an adverse credibility finding regarding her assertions about the intensity, persistence, and limiting effects of her symptoms, and she argues that the ALJ erred by failing to address an affidavit from her sister.  Finally, she challenges a vocational expert's testimony given in response to a hypothetical question that she asserts was incomplete.

I.

When the ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision.  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review de novo the legal conclusions and consider the factual findings conclusive if supported by substantial evidence.  Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).

II.

Clyburn first contends that, in making a residual functional capacity finding, the ALJ gave improper weight to her treating physician Dr. Torres' silence regarding Clyburn's functional capacity. The ALJ noted that "Dr. Torres did not offer any limitations or restrictions on the claimant's activities of daily living and his opinion was given great weight."

When a doctor's silence about a claimant's ability to work is subject to competing inferences, we have stated that no inference should be drawn from that silence. See Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Contrary to Clyburn's contentions, however, the ALJ did not base his residual functional capacity determination merely on Dr. Torres' silence with respect to Clyburn's functional limitations. The ALJ also considered Dr. Torres' findings about Clyburn's lack of a history of swelling or progressive joint deformity, his conclusion that Clyburn's clinical course was atypical for rheumatoid arthritis, and his conclusion that he was unable to diagnose rheumatoid arthritis based on his observations. Furthermore, the ALJ observed that in her own testimony Clyburn "reluctantly admitted" that she was able to engage in certain "activities of daily living," which provided additional support for the residual functional capacity finding that the ALJ made. Regardless of how the ALJ interpreted Dr. Torres' silence about Clyburn's functional capacity, substantial evidence, including

3

Clyburn's own testimony and the medical evidence in the record, supports the ALJ's the residual functional capacity determination.

### III.

Clyburn contends that the ALJ erred by concluding that her assertions about the intensity, persistence, and limiting effects of her symptoms were not credible. As a general rule, "credibility determinations are for the ALJ." Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). If the ALJ discredits subjective testimony, he must explicitly and adequately articulate his reasons. Id.

The ALJ specifically and adequately articulated his reasons for the adverse credibility determination in this case, and substantial evidence supports that determination. The ALJ found inconsistencies in Clyburn's testimony. For example, she testified on direct examination that she could not lift a gallon of milk, but when questioned by the ALJ admitted that she could lift her 26-pound baby, "if she has to." She also testified that she was unable to drive after knee surgery but that she was in a car accident one month after the surgery. She stated that was able

to drive even though she was not supposed to be driving, and the ALJ found that her testimony called into question whether Clyburn was ignoring her physicians' advice.  The ALJ found that these and other inconsistencies diminished Clyburn's "overall credibility."  Although Clyburn attempts to qualify her testimony and rebut the ALJ's interpretation of it, the record establishes that substantial evidence supports the ALJ's credibility determination.

Nor did the ALJ err by not explicitly discussing statements contained in an affidavit by Clyburn's sister.  Because the ALJ expressly rejected as not credible Clyburn's testimony about the severity of her pain and the extent of her limitations, he impliedly rejected the statements in the affidavit as well.  See Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981).

As for the hypothetical question that the ALJ posed to the vocational expert, the ALJ was not required to include findings that he properly rejected as unsupported.  See Crawford v. Comm'r Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).  The ALJ's hypothetical question adequately accounted for Clyburn's impairments.  Furthermore, the expert testified that Clyburn could perform her past relevant work, and Clyburn failed to demonstrate otherwise.

**AFFIRMED.**