**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13864

Non-Argument Calendar

_____

MICHAEL A. MINTON,

*Plaintiff-Appellant,*

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:22-cv-00944-MHH

_____

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Minton appeals the district court's order affirming the Social Security Administration Commissioner's denial of his claim for disability insurance benefits. He raises one issue on

appeal:   Whether the Social Security Administration's Appeals Council erred when, despite receiving additional evidence, it denied review of the administrative law judge's decision denying the disability claim.  After careful review, we affirm.

**I**

Mr. Minton applied for disability insurance benefits on December 19, 2018, alleging a disability start date of August 24, 2018. He claimed the following physical and mental conditions limited his ability to work: coronary artery disease, bilateral plantar fasciitis, lumbosacral spine strain, bilateral ankle tenosynovitis, chronic sinusitis, sleep apnea, post-traumatic stress disorder, supraventricular arrhythmia, left knee meniscal tear, rhinitis, tinnitus, asthma/shortness of breath, chest pain, anxiety/depression, atrial fibrillation, and high blood pressure.

After the SSA issued its initial determination that Mr. Minton was not disabled, he requested a hearing by an ALJ.  Two hearings were held, at the latter of which Mr. Minton and the SSA's vocational expert testified.

After the hearing, the ALJ denied the application, concluding that Mr. Minton was not disabled for the application period. The ALJ issued a lengthy decision detailing the bases for his decision, and summarizing the evidence presented (which included Mr. Minton's testimony as well as the medical opinions and records of Drs. Victoria Hogan, Guendalina Ravello, and Samuel Fleming. Ultimately, the ALJ found that Mr. Minton had residual functional

capacity to perform light work, and that jobs existed in the national economy that he could perform.

Mr. Minton requested review of the ALJ's decision by the Appeals Council, which advised him that he was permitted to send additional evidence. Under SSA regulations, the Appeals Council will review an ALJ decision if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

Mr. Minton mailed a series of additional medical records on January 28, 2022; February 8, 2022; February 28, 2022; and May 12, 2022. Although Mr. Minton submitted a number of additional records to the Appeals Council, only the Council's treatment of two documents—a psychological evaluation dated December 7, 2021 ("the Nichols Report") and a mental health statement dated January 13, 2022 ("the Nichols Form"), both containing the opinion of Dr. June Nichols—is challenged in this appeal.

The Nichols Report is a narrative summary of Mr. Minton's medical and personal history and provides a mental status assessment. Mr. Minton is described as "functioning in the [a]verage range of intellectual ability." D.E. 5-3 at 88. The Nichols Report then repeats—in prose rather than in yes-no and fill-in-the-blank responses—the same limitations indicated in the Nichols Form.

The Nichols Form consists of a single page of eight yes-or-no questions and three fill-in-the-blank questions, which convey

Dr. Nichols' assessment of Mr. Minton's ability and limitations dating back to August 24, 2018.  To summarize, Dr. Nichols opined that Mr. Minton could understand, remember, or carry out short and simple instructions and could sustain an ordinary routine without special supervision, but had limitations with respect to his attention, punctuality, ability to adjust to routine, ability to interact with supervisors and co-workers, and ability to maintain socially appropriate behavior.

The Appeals Council denied Mr. Minton's request for review.  In its denial letter, the Council stated that the Nichols Report did not relate to the period at issue and the Nichols Form did not show a reasonable probability that it would change the outcome of the decision.

On July 26, 2022, Mr. Minton filed a petition for judicial review in the Northern District of Alabama.  Relevant for purposes of this appeal, he asserted (1) that the Nichols Form was material because it was "relevant and probative" and because there was a "reasonable possibility that the new evidence would change the administrative outcome," (2) that the Appeals Council's disparate treatment of the Nichols Form and the Nichols Report was arbitrary, and (3) that the Nichols Report was chronologically relevant because it was supported by prior medical records covering the relevant period and its contents had to be read in conjunction with the Nichols Form.  Mr. Minton further argued that the Appeals Council could not provide rationales on appeal that it did not use at the agency without violating 20 C.F.R. § 404.970(c), which

requires the Council to notify claimants "why it did not accept the additional evidence." He maintained that the Nichols Opinion, which showed "robust limitations," demonstrated that the ALJ's no-disability decision was not supported by the evidence.

The district court denied the petition. First, it agreed with Mr. Minton that the Appeals Council erred in finding the Nichols Report was not chronologically relevant, relying on our decision in *Ring v. Comm'r Soc. Sec. Admin.*, 728 F. App'x 966, 968 (11th Cir. 2018). Nonetheless, the district court concluded that both the Nichols Form and the Nichols Report were not material and that there was no reasonable probability that they would change the outcome. It noted that the Nichols Opinion was internally inconsistent, unsupported at times, and contradicted testimony from Drs. Fleming and Ravello that the ALJ had deemed persuasive.

Mr. Minton now appeals. We first address the standard of review and then turn to Mr. Minton's challenge.

## II

In proceedings regarding disability insurance benefit applications, "[w]ith few exceptions, the claimant is allowed to present new evidence at each stage of th[e] administrative process," and the Appeals Council must consider additional evidence that meets the criteria of 20 C.F.R. § 404.970. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council is required to review a case "if … [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the

additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Hargress v. Comm'r, Soc. Sec. Admin.*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1321 (11th Cir. 2015)). New evidence is "chronologically relevant if it 'relates to the period on or before the date of the ALJ's hearing decision.'" *Id.* (quoting 20 C.F.R. § 404.970(b), 416.1470(b) (2016)).

The Appeals Council is "not required to provide a detailed rationale for denying review." *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). "We review de novo the Appeals Council's refusal to consider new evidence." *Pupo v. Comm'r of Soc. Sec. Admin.*, 17 F.4th 1054, 1063 (11th Cir. 2021).

### III

Mr. Minton makes several arguments on appeal. First, he asserts that the Appeals Council's denial is arbitrary, internally inconsistent, and therefore an error of law. This is because the Appeals Council treated the Nichols Report and the Nichols Form differently, even though they are "the same Nichols Opinion." Second, he contends that, under the *Chenery* doctrine, our review must be limited only to the rationale provided by the Appeals Council and that the "harmless error" exception does not apply. Third, he argues that the Nichols Form and Nichols Report are material. Fourth, he maintains that the Nichols Report is chronologically relevant.

24-13864                Opinion of the Court                7

We are unpersuaded by Mr. Minton's first argument. Mr. Minton claims that "when the Appeals Council finds certain additional evidence is not chronologically relevant, but says nothing about its newness or materiality, the Appeals Council implicitly finds that particular additional evidence is new and is material." That is not so, and the authority Mr. Minton presents demonstrates why. In *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983), we *refused* to infer an implicit credibility finding by an ALJ without an explicit finding or "implication . . . so clear as to amount to a specific credibility finding." Applying that reasoning, here, unless there is a clear implication otherwise, we cannot infer that when the Appeals Council "says nothing about . . . newness or materiality," it actually makes implicit determinations as to newness or materiality. Without the implicit determinations Mr. Minton asserts, there is nothing necessarily inconsistent in the Council's treatment of the Nichols Report as not chronologically relevant and the Nichols Form as not showing a reasonable probability of changing the administrative outcome.

Mr. Minton's second argument is also unpersuasive. Mr. Minton contends that "*Chenery* limits judicial review of agency decisions to the grounds used by the agency in their adjudication." Appellant's Br. at 27 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). Relying on our application of *Chenery* in the Social Security context in *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984), he asserts that a reviewing court must confine its review to the rationale the Appeals Council supplied without engaging in *post hoc* rationalization. He argues the district court erred in affirming the

Appeals Council's denial of review based on a different justification than the Council itself provided.

*Owens*, however, dealt with a different situation, as we explained in *Green v. Comm'r, Soc. Sec. Admin.* 695 F. App'x 516, 520 (11th Cir. 2017). "*Owens* … concluded that the Appeals Council may not infer plausible reasons for an ALJ's conclusion where the ALJ failed to articulate its reasons for a decision," and we were careful to distinguish that circumstance from the situation here where "the district court provid[es] reasons for the Appeals Council's decision." *Id*. That is because, unlike an ALJ who "must articulate some basis for his decision, the Appeals Council does not need to provide a detailed explanation when it denies review." *Id. See also Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014) ("The Appeals Council … was not required to provide a detailed rationale for denying review."). Thus, consistent with our conclusion in *Green*, which we find persuasive, Mr. Minton's reliance on *Owens*, which addressed the Appeals Council's review of an ALJ decision, is misplaced. *Owens* imposes no limit on our review of the Appeals Council's decision denying review.

Turning to Mr. Minton's third argument, we agree with both the Appeals Council and the district court that the additional evidence did not show a "reasonable probability that it would change the outcome of the [ALJ's] decision." 20 C.F.R. § 404.970(a)(5). New evidence does not have a "reasonable probability" of changing the administrative result when the opinion contained therein "contradict[s] … other record evidence" and

"inconsistent with [its] own comprehensive evaluation." *Reynolds v. Soc. Sec. Admin., Comm'r*, No. 21-11633, 2022 WL 853660, at *2 (11th Cir. Mar. 23, 2022) (reasoning that new evidence in the form of one-page mental health statement from Dr. Nichols failed to a show reasonable probability of changing the ALJ's decision because it "was not supported with medical records," "was contradicted by other record evidence," and "was inconsistent with Dr. Nichols's own comprehensive evaluation"). *See also Spurgeon v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1395258, at *6–7 (11th Cir. Apr. 2, 2024) (no reasonable possibility that an opinion would change the administrative result when it "contradicted and was inconsistent with other medical records" (citation omitted)). Here, the Nichols Report and Nichols Form suffer from such internal inconsistencies, contradictions with the record, and lack of explanation.

First, the Nichols Report presented both internal inconsistencies and inconsistencies with other evidence in the record. As the SSA points out, the Nichols Report indicated that Mr. Minton was neat and clean during the examination—which is consistent with Dr. Fleming's conclusion that he showed adequate personal hygiene—and yet the Nichols Report and Form conclude that he could not adhere to basic standards of neatness and cleanliness. That conclusion is therefore both self-contradictory and contradictory of other evidence in the record. Because an ALJ is "free to reject any physician's opinion when the record as a whole supports a contrary conclusion," *Reynolds*, 2022 WL 853660, at *2 (quoting *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)), Mr. Minton

has not demonstrated that these conclusions have a reasonable probability of altering the ALJ's decision.

In response, Mr. Minton asserts that the Nichols Report also shows that he is unable to maintain socially appropriate behavior, which he argues is "a central symptom of his illness." Appellant's Reply Br. at 11. But the Nichols Report reflects that on the day of evaluation his "[a]ffect was appropriate," "[t]hought processes were within normal limits," "[j]udgment and insight were considered to be good," and "functioning [was estimated to be] in the [a]verage range of intellectual ability," without any record or note supporting a contrary conclusion as to socially inappropriate behavior. D.E. 5-3 at 87–88. So, too, with Mr. Minton's memory-based arguments: Mr. Minton asserts that his "memory-based limitations in the Nichols Form are material," Appellant's Br. at 40, but the Nichols Report states, by contrast, that his "[m]emory functions appear to be grossly intact." D.E. 5-3 at 88. The Appeals Council did not err in determining that these internally inconsistent aspects of the Nichols Opinion did not show a reasonable probability of changing the administrative result. *See Reynolds*, 2022 WL 853660, at *2 (justifying denial of review, in part, because Dr. Nichols' indication that Reynolds suffered more severe mental limitations was inconsistent with Dr. Nichols' "own comprehensive evaluation").

Second, the Nichols Opinion lacks sufficient explanation. The Nichols Report does not explain why, "[i]n addition to normal workday breaks, he would likely be off task 20-30% in an 8-hour

day," or why "[i]n a 30-day work period he would likely fail to report to work 10-12 days." D.E. 5-3 at 89. This lack of explanation is even more clear with respect to the Nichols Form, in which these conclusions are conveyed via fill-in-the-blank answers with no explanation or reference to supporting records. *See id.* at 91. In the absence of explanation linking these conclusions to supporting medical records, the Nichols Opinion does not show a reasonable probability exists that the result would change. *See Spurgeon*, 2024 WL 1395258, at *7 (concluding that no reasonably possibility existed that the administrative result would change where the opinion "d[id] not explain the basis for the enumerated limitations").

Finally, Mr. Minton refers this Court to places in the record where similar opinions and testimony *were presented* to the ALJ. *See e.g.*, Appellant's Br. at 38–39 (memory problems in Nichols Opinion are consistent with existing records); Appellant's Reply Br. at 12-13 (Nichols Report finding of panic attacks is consistent with symptoms related to panic attacks and asthma attacks presented in Dr. Fleming's opinion). But, to the extent that the Nichols Report is *consistent* with the records that the ALJ reviewed in making his determination, it cannot show a reasonable probability that the ALJ's decision would change. The Appeals Council does not err in denying review based on additional evidence that is "cumulative of the evidence before the ALJ." *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014).

In sum, the Nichols Opinion presents evidence cumulative of the evidence before the ALJ and, when it, alternatively, describes

greater limitations than those found in the ALJ's determination—*e.g.*, Mr. Minton's inability to maintain socially appropriate behavior, Mr. Minton's memory limitations, and Mr. Minton's need for excessive breaks or time off—it is internally inconsistent and fails to explain the basis for those conclusions. The Appeals Council did not err in denying review because Mr. Minton has not shown "there is a reasonable probability that the additional evidence would change the outcome of the decision." In light of our conclusion, we need not reach the fourth chronological relevance issue.

## IV

We affirm the district court's decision.

**AFFIRMED.**