**John T. WILLBANKS,**
**Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

No. 87–5440.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 26, 1988.

Decided May 24, 1988.

Shaun W. Esposito, argued, Legal Aid Society, Inc., Louisville, Ky., for plaintiff-appellant.

Joseph Whittle, U.S. Atty., Louisville, Ky., Michael F. Spalding, Terry M. Cushing, James Barr, argued, for defendant-appellee.

Before LIVELY, JONES and BOGGS, Circuit Judges.

PER CURIAM.

Plaintiff-appellant John T. Willbanks appeals the district court's summary judg-

ment affirming the Secretary's denial of social security disability benefits. Upon consideration, we find that the Secretary's findings were not supported by substantial evidence. Therefore, we reverse and remand this case to the Secretary for the award of benefits commencing in January 1976, the onset date established by the Administrative Law Judge ("ALJ").

## I.

Appellant Willbanks filed applications for disability insurance benefits (DIB) and supplement security income disability benefits (SSI) on July 8, 1982. These applications were initially denied on July 30, 1982, and were again denied upon reconsideration on November 16, 1982. As a result, Willbanks requested a hearing where he presented his case to an ALJ. The ALJ, however, ruled against him and Willbanks was not successful in his attempt to convince the Appeals Council to review the ALJ's decision. Nevertheless, appellant successfully sought and got review in the United States District Court for the Western District of Kentucky.

After a *de novo* review of the record, the district court found Willbanks was disabled and remanded the case to the Secretary for a finding as to the onset date of the disability. Pursuant to this request and with the aid of an attorney, a supplemental hearing was held on December 5, 1985, before the same ALJ that had originally heard Willbanks's case. At the supplementary hearing at which Willbanks was represented by counsel, the ALJ agreed that Willbanks was disabled and determined that the onset date of his disability was January 1976. The ALJ based his findings on the testimony of Willbanks, Willbanks's mother and various medical experts.

Willbanks testified that until about 1975 he was a fairly normal young man. He graduated from high school, completed a semester of college, married, and worked for five years as a production worker at the Brown and Williamson Tobacco Company. Willbanks testified that his life began to fall apart in 1974 or 1975 when his marriage ended in divorce and he lost his job. After these events, Willbanks was in a state of depression and had "real bad emotional problems," J.App. 186. These problems were aggravated by Willbanks's abuse of both alcohol and drugs. His drinking, which started when his marital problems began, reached a point where, at one time, he consumed between a pint and a fifth of alcohol daily. In addition, he used marijuana, acid and speed.

Willbanks's mother, with whom he lived from 1976 to 1982, testified that she noticed a change in her son's behavior around the time he and his wife were divorced. She agreed that her son began to drink heavily around that time and also testified that he became increasingly violent. She cites an incident in which he searched the house looking for a gun and threatening to kill someone.

Dr. Lee R. Chutkow, a psychiatrist who at the request of the ALJ acted as a medical advisor, testified that he believed that Willbanks's condition met the Listing of Impairments for organic mental disorders (20 C.F.R. § 404, Subpart P, App. 1, 12.02) as well as the Listing of Impairments for affective disorders (20 C.F.R. § 404, Subpart P, App. 1, 12.04) "around 1976, after about a year of heavy daily drinking...." J.App. 212–14. He also opined that Willbanks had been unable to meet the demands of full-time employment since 1976. J.App. 216. Dr. Charles W. Morris, who had observed Willbanks at the East Central Mental Health Center since June 1982, held a view similar to Dr. Chutkow's. In a March 23, 1983 report, Dr. Morris stated that "[t]he date of onset of serious psychiatric difficulties appears to be definitely in 1975." J.App. 104. Dr. Morris further commented that Willbanks's "psychiatric symptoms may or may not be attributable to drug abuse, but onset is certainly concomitant with such abuse." J.App. 106.

Pursuant to the above testimony, the ALJ found that Willbanks's disability commenced in January 1976. Upon review, however, the Appeals Council reversed the ALJ's finding of the onset date. It held that Willbanks became disabled in June, 1982, the date that Willbanks first sought

and received treatment for his difficulties. Willbanks then challenged this ruling in district court.

On January 6, 1987, a United States Magistrate held that the Secretary's findings were supported by substantial evidence and recommended that the district court affirm them. The court agreed and entered judgment affirming the denial of Willbanks's claim. From this order, Willbanks filed a timely appeal.

## II.

The issue on appeal is whether the Secretary had substantial evidence to reverse the ALJ's determination that Willbanks became disabled in 1976. Appellate review of the Secretary's decision to deny disability benefits is limited to determining whether substantial evidence in the record taken as a whole supports the Secretary's findings. 42 U.S.C. § 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951). The jurisdiction of this court is confined to a limited review of the Secretary's decision and of the record made in the administrative hearing process. As this court stated in *Mullen v. Bowen*, 800 F.2d 535 (6th Cir.1986) (en banc):

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Id.* at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).

■ Additionally, *Mullen* holds that the Social Security Act requires that a reviewing court defer to findings of fact by an Appeals Council when those findings conflict with the factual findings of an ALJ. *Id.* In juxtaposition to these statements, we find an equally strong admonition: a reviewing district or circuit court should not blindly follow an Appeals Council's decision, *id.* at 545, because it is ultimately the reviewing court's responsibility to determine whether there is substantial evidence to support an Appeals Council's decision. *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 386–87 (6th Cir.1978).

■ Pursuant to the above-mentioned case law, the Secretary is not required to provide evidence that would eliminate 1976 as a possible onset date. However, the relevant case law does require the Secretary to establish substantial evidence that Willbanks's disability began in 1982. We do not think the Secretary has met his burden here.

The Secretary's argument is that 1982 should be the onset year simply because that was the first year in which Willbanks sought and received medical treatment for his problems. To support this conclusion, the Secretary relies largely on his belief that a person who was as sick as Willbanks claimed to be would have sought medical treatment sooner. Looking at the record as a whole, however, we can not conclude that substantial evidence supports the Secretary's conclusion.

In the instant case, establishing substantial evidence involves carefully evaluating the credibility of Willbanks and his mother, the testimony of various medical experts and the sparse medical data. We think the ALJ's opportunity to observe the demeanor of Willbanks and his mother, to evaluate what they said in light of how they said it, and to consider how it fit with the rest of the evidence was invaluable and should not have been discarded as lightly as the Appeals Council discarded it. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en

304

banc). This is especially so since the Appeals Council's findings conflict with the findings of an ALJ who has been intimately involved with a case. As the Supreme Court noted in *Universal Camera:*

> Evidence supporting [a reviewing board's] conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case.

*Universal Camera v. NLRB,* 340 U.S. at 496, 71 S.Ct. at 468. See also *Mullen,* 800 F.2d 535.

Social Security Ruling 83–20 (SSR 83–20) sets forth the factors that an ALJ must consider when evaluating a claim that a disabling condition occurred prior to a claimant's first recorded medical examination. In particular, the regulation demands that the claimant's claimed onset date be adopted if it is consistent with all the evidence available. The Appeals Council's decision did not adhere to SSR 83–20, while the ALJ's analysis did. The Appeals Council concluded, in effect, that the first date of diagnosis should be adopted as the onset date because no earlier diagnosis date was available. Two other circuits have considered this issue, both rejecting the approach taken by the Appeals Council in this case. *See Lichter v. Bowen,* 814 F.2d 430 (7th Cir.1987); *Swanson v. Secretary of Health & Human Services,* 763 F.2d 1061 (9th Cir.1985). Relying on SSR 83–20, *Swanson* specifically states that where the medical evidence supports the existence of a disability which was diagnosed "only at a much later date the Secretary would not be substantially justified in relying on the date of diagnosis as the date of disability." *Swanson,* 763 F.2d at 1066 n. 2. *See id.* at 1065 ("the critical date is the date of *onset* of disability, *not* the date of diagnosis") (emphasis in original). The Appeals Council's decision is deficient in this respect.

For the above stated reasons, we conclude that the Secretary's decision was not supported by substantial evidence, and hereby REVERSE and REMAND this case for the award of benefits in accordance with the onset date established by the Administrative Law Judge.