914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn J. CARMICHAEL, Plaintiff-Appellee,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant-Appellant.
 No. 89-6481.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1990.
 
 Before KENNEDY, BOGGS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Carolyn Carmichael appeals the decision of the district court affirming the finding of the administrative law judge ("ALJ") that the plaintiff was not entitled to disability benefits. For the reasons that follow, we affirm.
 
 
 2
 Claimant Carmichael filed an application for disability insurance benefits on June 25, 1986, claiming disability due to multiple sclerosis as of April 1975. Claimant's insured status for entitlement to Title II benefits had expired on December 31, 1976.[1] The application was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held on May 26, 1987. The ALJ found that, although claimant had submitted evidence that some of her symptoms had extended back to the early 1970s, there was no evidence which described her condition as disabling, and no diagnostic or laboratory tests or clinical observations from this period to indicate a diagnosis of multiple sclerosis prior to December 31, 1976. The Appeals Council, however, granted the claimant's request for review and remanded the matter to the ALJ, instructing the ALJ to develop the record more fully by obtaining medical assessments from the claimant's treating and consulting physicians.
 
 
 3
 On February 1, 1988, the ALJ issued a decision again finding that claimant was not disabled, stating that no new information had been received which would warrant changing his previous conclusions. Specifically, the ALJ concluded that the evidence continued to reflect that the claimant had a gall bladder operation in April 1975 with good results, and that there was nothing at that time to indicate claimant was suffering from multiple sclerosis. The Appeals Council denied claimant's request for review of this decision on June 16, 1988, at which time it became the final decision of the Secretary.
 
 
 4
 Claimant brought suit in federal district court on August 19, 1988, alleging that the Secretary's decision was not supported by substantial evidence and that the Secretary had employed the wrong legal standard in evaluating the evidence. The matter was referred to a magistrate who issued a report and recommendation finding that substantial evidence did not support the Secretary's decision. After consideration of the Secretary's objection to the magistrate's report, the district court rejected the magistrate's findings and affirmed the Secretary's denial of benefits. The district court stated that 42 U.S.C. Sec. 423(d)(3) and (5) require the claimant to demonstrate disability by medical evidence, and found that the ALJ had properly considered the absence of medical reports, laboratory tests, or clinical observations to support claimant's allegation of disability prior to December 31, 1976.
 
 
 5
 This Court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). Our task on review is to determine whether the findings of fact made by the Secretary are supported by substantial evidence and whether the Secretary used the proper legal standards in making those findings. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied sub nom. Kirk v. Heckler, 461 U.S. 957 (1983). If the Secretary's determination is supported by substantial evidence, the reviewing court may not overturn the Secretary's determination on the ground that it would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 6
 The claimant has the ultimate burden of proof on the issue of disability. Listenbee v. Secretary of Health and Human Servs., 846 F.2d 345, 349-50 (6th Cir.1988). In order to meet this burden, the claimant must demonstrate that she is not able to engage in any substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. Sec. (d)(1)(A). Since the claimant filed her application for disability insurance benefits under Title II of the Social Security Act, she must also establish that she became "disabled" prior to expiration of her insured status on December 31, 1976. 42 U.S.C. Secs. 423(a) and (c); Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984). Furthermore, we have held that in cases where the claimant's insured status expired prior to the filing of an application for benefits, the claimant must prove that she was continuously disabled from the date her insured status expired until at least twelve months prior to the filing of her application. Mullis v. Bowen, 861 F.2d 991, 994 (6th Cir.1988); Henry v. Gardner, 381 F.2d 191, 192 (6th Cir.), cert. denied, 389 U.S. 993 (1967), reh'g denied, 389 U.S. 1060 (1968). Finally, 42 U.S.C. Sec. 416(i)(2)(E) provides that an application for disability benefits shall not be accepted if filed more than twelve months after the period of disability ends. See C.F.R. Secs. 404.131 and 404.315. Thus, in the instant case, claimant must prove that she has been continuously disabled for the entire period since 1976.
 
 
 7
 Social Security Ruling 83-20 (SSR-83-20) sets forth factors relevant to the determination of disability onset including the individual's allegations, the work history, and the medical evidence. The regulation emphasizes that the claimant's alleged onset date should be adopted only if it is consistent with all the evidence available. Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 304 (6th Cir.1988). In the present case, the Secretary and ALJ did not actually set any disability date, merely holding that the evidence did not support plaintiff's claimed date of 1975. It is clear from review of the record, however, that there was substantial evidence to support the Secretary's determination that the evidence was insufficient to establish that, prior to December 31, 1976, claimant either suffered from or was disabled by multiple sclerosis.
 
 
 8
 In support of her claim, claimant presented the testimony of her family and friends at the 1987 hearing concerning claimant's symptoms in 1976. Claimant also offered as proof the letters and reports of physicians who primarily began treating claimant six to nine years after the expiration of her insured status. There is no objective medical evidence, however, from the period prior to December 1976 to support the disability claim. This Circuit has consistently held that the claimant must introduce objective medical evidence to support the existence and severity of the alleged medical condition and that subjective allegations alone are insufficient to establish disability. McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988) (citing Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 852-53 (6th Cir.1986)).
 
 
 9
 The only actual medical evidence from the period prior to December 31, 1976, is the report from claimant's April 1975 hospitalization for gall bladder surgery. The hospital report clearly stated in claimant's history that she had had no serious illnesses other than mononucleosis. There are no other medical reports in the record until 1985 when claimant was hospitalized for cystitis. Claimant told her consulting physician, Dr. Bevilacqua, that she was hospitalized for urinary and bowel incontinence in 1977 or 1978 but failed to submit those records to the Secretary. A letter from Dr. W.W. Watkins provides a history of treatment for urinary problems dating back to June 1982, but he submitted no actual treatment records. Dr. Turner, the surgeon who performed claimant's surgery in 1975, stated in 1986 and 1987 that claimant had experienced bizarre symptoms and complaints in 1975 which were consistent with the eventual diagnosis of multiple sclerosis. His hospital records, however, did not document these complaints, and no other treatment records were submitted to verify his statement. A treating physician's diagnosis is entitled to due weight, but only if the physician supplies sufficient medical data to substantiate the diagnosis. Kirk, 667 F.2d at 538.
 
 
 10
 Claimant also relied on a statement by Dr. DeShazo made in February 1987 that claimant had been disabled for a decade. The earliest record from Dr. DeShazo's clinic, however, is dated November 5, 1985, nine years after the expiration of claimant's insured status. In Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918 (6th Cir.1987), the court found the report of a treating physician minimally probative because the physician first saw the claimant eight months after expiration of the claimant's insured status. Thus, Dr. DeShazo's speculation about claimant's condition in 1976 is entitled to little weight.
 
 
 11
 Further, even assuming that the 1986 diagnosis could relate back ten years, there is no objective evidence in the record to indicate that claimant had disabling functional limitations in 1976. It is not enough for a claimant to establish a diagnosis of a condition; it is incumbent upon the claimant to prove that the condition was disabling at the relevant time period. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (the mere diagnosis of arthritis connotes nothing about the severity of the condition and it was claimant's burden to prove the severity of her impairments); Foster v. Bowen, 853 F.2d 483, 489 (6th Cir.1988) (claimant diagnosed as suffering from dysthymic disorder must nevertheless establish that the condition was disabling).
 
 
 12
 While it is undisputed that claimant is now disabled due to multiple sclerosis, there is no objective evidence to confirm that she had multiple sclerosis prior to December 31, 1976. Moreover, even if it is accepted that claimant was developing the disease at that time, the evidence does not show that claimant had disabling limitations prior to expiration of her insured status. Thus, we find that substantial evidence supported the Secretary's and district court's determination that claimant was not significantly restricted from basic work activities prior to December 31, 1976, and was not entitled to a period of disability or disability insurance benefits under 20 C.F.R. Sec. 404.1520(c) (1989). AFFIRMED.
 
 
 
 [1]
 Claimant had been employed as a job clerk, bank teller, and an IRS tax examiner before 1976