33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen M. CHRISLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4396.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Karen M. Chrisley, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's decision which found that Chrisley was disabled beginning December 6, 1988, and not prior to that date. Chrisley contests the Secretary's established onset date of disability. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Chrisley filed her current application for disability insurance benefits on October 15, 1987, alleging a disability since October 9, 1985, due to diabetes, osteoporosis, back and hip pain, and arthritis. An Administrative Law Judge (ALJ) determined that Chrisley was disabled beginning December 6, 1988, but not prior to that date. The ALJ determined that, from a physical standpoint, Chrisley was limited to performing a full range of sedentary work prior to December 6, 1988. The ALJ further found that prior to December 6, 1988, Chrisley did not suffer from a medically determinable mental impairment which further limited her from performing a full range of sedentary work. Relying on a vocational expert's testimony, the medical-vocational guidelines and Rule 201.21 of App. 2, Subpt. P, No. 4, the ALJ determined that Chrisley was not disabled prior to December 6, 1988. The Appeals Council denied Chrisley's request for review.
 
 
 3
 Chrisley then sought judicial review of the Secretary's decision. The district court granted the Secretary's summary judgment motion and dismissed the case.
 
 
 4
 On appeal, Chrisley argues that the Secretary's decision finding her disabled only as of December 6, 1988, is not supported by substantial evidence. Specifically, Chrisley argues that she was disabled due to her psychological impairment in combination with her physical impairments prior to December 6, 1988, that the ALJ should have consulted a medical expert (ME) in determining the onset date of her psychological impairment, and that the ALJ did not consider her somatoform disorder in assessing her credibility and complaints of pain.
 
 
 5
 Initially, it is noted that, on appeal, Chrisley does not contest the ALJ's residual functional capacity (RFC) assessment of her physical impairments. Most of her arguments concern the ALJ's choice of the December 6, 1988, onset date as it pertains to her psychological impairment and not her physical problems. Chrisley does not argue that she was unable to perform a full range on sedentary work from a physical standpoint, but rather she argues that she was unable to perform a full range of sedentary work due to the combined effect of her psychological impairment and physical problems. Therefore, any challenge to the ALJ's RFC assessment of Chrisley's physical impairments is abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision that Chrisley was not disabled at any time prior to December 6, 1988. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam); Willbanks v. Secretary of Health and Human Servs., 847 F.2d 301, 303 (6th Cir.1988) (per curiam). There is no evidence showing that Chrisley suffered from a medically determinable mental impairment prior to December 6, 1988, which would have interfered with her ability to perform her past relevant work as a file clerk or other work which exists in significant numbers in the economy. Contrary to Chrisley's assertion, the ALJ was not required to consult a ME in order to determine Chrisley's onset date of disability. Furthermore, the ALJ properly considered Chrisley's mental impairment in assessing her credibility and her complaints of pain.
 
 
 7
 Accordingly, we affirm the district court's judgment.