37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Patricia Ann HAGER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5455.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Patricia Ann Hager, a pro se social security claimant, appeals a district court judgment affirming the Secretary's decision which found that Hager was disabled but only beginning July 3, 1991, and not prior to that date. Hager contests the Secretary's established onset date of disability. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hager's two applications for supplemental security income benefits filed on March 28, 1986, and July 21, 1987, were before the Secretary for consideration of Hager's alleged disability. Hager was granted reconsideration of her March 28, 1986, application as a class member pursuant to Samuels v. Heckler, 668 F.Supp. 656 (W.D.Tenn.1986). Her July 21, 1987, application was consolidated with the redetermination of her March 28, 1986, application. Hager alleged a disability due to arthritis of the back, a hiatal hernia with symptoms of chest pain, chronic obstructive pulmonary disease, depression and a history of surgery for peptic ulcer disease and surgery for carpal tunnel syndrome.
 
 
 4
 An administrative law judge (ALJ) determined that prior to July 3, 1991, Hager had the residual functional capacity (RFC) to perform light work activity and that she could, therefore, perform her previous type of work as an assistant manager of a fast food restaurant and as a clerk. The ALJ also determined that as of July 3, 1991, Hager suffered from a severe mental impairment which, in combination with her other impairments, significantly limited her ability to perform her past type of work or any other work which exists in the economy and was, therefore, disabled as of that date. The Appeals Council denied Hager's request for review.
 
 
 5
 Represented by counsel, Hager then sought judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. Hager filed timely objections to the magistrate judge's report, only objecting to the Secretary's onset date of disability because she alleged that she suffered from a severe mental impairment which, in combination with her other impairments, was of disabling severity prior to July 3, 1991. Upon de novo review in light of Hager's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 6
 On appeal, Hager is proceeding pro se. Her brief is construed as arguing that the Secretary erred in finding her disabled only as of July 3, 1991, because she has been disabled since 1986 due to her physical impairments, depression and her chronic pain.
 
 
 7
 Initially, we note that in Hager's objections to the magistrate judge's report she only argued that the "magistrate judge failed to comprehend the significance of plaintiff's mental impairment and its impact on her ability to perform substantial gainful activity prior to July 1991." Appellate review of any issue not contained in the objections to the magistrate judge's report is waived and not properly before this court for review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Hager's challenge is essentially to the ALJ's choice of her July 3, 1991, onset date of disability as it pertains to her mental impairment and not specifically her physical problems. Therefore, the only issue properly before this court for review is the effect of Hager's mental impairment on her ability to work prior to July 3, 1991.
 
 
 8
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision that Hager was not disabled at any time prior to July 3, 1991. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam); Willbanks v. Secretary of Health and Human Servs., 847 F.2d 301, 303 (6th Cir.1988) (per curiam). The evidence does not show that prior to July 3, 1991, Hager suffered from a mental impairment which would have significantly interfered with her ability to perform her previous type of work as a manager of a fast food restaurant or as a clerk.
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation