**Ida McCOY, o/b/o James McCoy, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant–Appellee.**

No. 94–6401.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1995.

Decided Dec. 21, 1995.*

* This decision was originally issued as an "unpub-    lished decision" filed on December 21, 1995.

Michael R. Dowling (briefed), George C. Howell (argued), Hall, Howell & Sergent, Ashland, KY, for plaintiff-appellant.

John S. Osborn, III, Asst. Atty. (argued), Lexington, KY, Mack A. Davis, Laurie G. Remter (briefed), Social Sec. Admin., Office of General Counsel, Atlanta, GA, Bruce Granger, Mary Ann Sloan, Holly A. Grimes, Atlanta, GA., for defendant-appellee,

Before: SILER and DAUGHTREY, Circuit Judges; ROSEN, District Judge.**

SILER, Circuit Judge.

Claimant Ida McCoy, proceeding on behalf of her deceased husband, appeals the denial of disability benefits by the Commissioner (formerly Secretary of Health and Human Services) under Title II of the Social Security Act, 42 U.S.C. § 405. McCoy challenges findings regarding the onset of disability and the failure to meet impairment standards. For the reasons that follow, we affirm the district court's judgment for the Commissioner.

## I.

McCoy is pursuing the second of her deceased husband's claims for disability insurance benefits. In July 1988, Mr. McCoy filed his first claim alleging an onset of disability on June 23, 1988. This claim was denied by an administrative law judge (ALJ) on December 28, 1989.[1] The Appeals Council affirmed the decision and no immediate review was sought.

In March 1991, Mr. McCoy filed a second claim alleging the same onset of disability. This claim was initially denied and a request for reconsideration was filed. He died of a heart attack on September 3, 1991, and Mrs. McCoy was substituted as party claimant. After reconsideration, the Secretary determined that Mr. McCoy had become disabled on August 18, 1991.

■ In the course of the proceedings on the second claim, the ALJ refused to reopen the first claim. See 20 C.F.R. § 404.988 (requiring showing of good cause). This decision was only subject to review in the district court for constitutional claims. Cottrell v. Sullivan, 987 F.2d 342 (6th Cir.1992). The district court ruled that McCoy had no colorable constitutional claim and that issue is not pursued on appeal.[2]

In ruling on the second claim, the ALJ found an earlier onset of disability than had the Secretary. Even with this finding, the claim was denied because Mr. McCoy had died before the expiration of a five-month waiting period. 42 U.S.C. § 423(c). The Appeals Council declined to review this denial. The district court affirmed the ALJ's decision.

---

** The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The decision on the second claim erroneously indicates that the first claim was denied on September 28.

2. McCoy makes arguments regarding the sufficiency of the evidence on which the 1989 decision was based but makes no constitutional claim.

## II.

■ The first claim resulted in a finding that Mr. McCoy was not disabled before December 28, 1989. As it was not reopened, this finding is conclusive as to that period. 20 C.F.R. § 404.987. Thus, the only relevant evidence is that directly related to Mr. McCoy's condition subsequent to December 28, 1989.

In this appeal McCoy challenges the ALJ's decision that Mr. McCoy was not disabled prior to May 11, 1991. The ultimate issue is whether the ALJ's decision that Mr. McCoy was not disabled during the period between December 28, 1989, and May 11, 1991, is supported by substantial evidence.

This court has jurisdiction pursuant to 42 U.S.C. § 405(g) which states, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." "Substantial evidence" means "more than a mere scintilla" but less than a preponderance and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)(*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

■ A disability claimant bears the burden of proving disability. 42 U.S.C. § 423(d)(1)(A). Because Mr. McCoy was not working and alleged a severe impairment, Mrs. McCoy was given an opportunity to demonstrate disability based on listed impairment standards. The ALJ found: "[T]he claimant's ability to work was clearly limited by his obesity. This must be considered a severe impairment. Notwithstanding, he was 70 inches tall. His weight of 312 pounds was less than the value specified for his height...." *See* 20 C.F.R. § 404.1520(d)(App.1, Tbl.1). The findings regarding this listing are supported by substantial evidence.

McCoy argues that the district court failed to "take account of evidence which detracts from the evidence relied upon by the ALJ" as required by *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir.1983).[3] As is apparent from its opinion, the district court made a thorough examination of the evidence describing Mr. McCoy's weight and height and met the standard set out in *Wyatt v. Secretary of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir.1992)(requiring examination of record as a whole).

The district court found that "the majority of evidence" supports the finding that Mr. McCoy was 70 inches tall. A "majority" of the evidence on this issue is "such relevant evidence as a reasonable mind might accept as adequate to support [the Secretary's] conclusion," i.e., "substantial evidence." *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427.

In regard to the weight requirement of this listing, the district court correctly noted, "If he were 5'10" ... he would have to have weighed *318* pounds to meet [this listing]." *See* 20 C.F.R. § 404.1520(d)(App.1, Tbl.1). Mr. McCoy's weight only reached 318 pounds or greater for a few months.[4] As no "statement of duration is made" regarding the requirements for obesity in this listing "the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1525(a). His weight did not meet the requirements of the listing for twelve months. Therefore, substantial evidence supports the finding that Mr. McCoy's obesity did not meet the listing requirements even if his weight did reach the required level for some period.

## III.

■ Mr. McCoy was found disabled even though the listed impairment standards were not met. McCoy contends that the ALJ should have found an earlier date of onset of disability based on statements of Mr. and Mrs. McCoy. The ALJ's conclusion that Mr.

---

**3.** McCoy's citation erroneously indicates this is a "CA 6th" case.

**4.** McCoy's weight was measured as 318 pounds in March 1990, at 320 pounds in May 1990, and

back down to 317 pounds in June 1990. His weight continued to fall until shortly before his death but was apparently never again above 318 pounds.

McCoy's back pain did not become disabling before May 11, 1991, is supported by substantial evidence.

McCoy contends that *Tieniber*, 720 F.2d at 1251, and *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir.1983), allow a Social Security claimant to "sustain his or her burden of proof ... on the basis of credited subjective testimony." Reliance on these Eleventh Circuit cases is misguided, as this court requires objective medical evidence as required by regulatory and statutory law.

■ Subjective claims of disabling pain must be supported by objective medical evidence in order to serve as the basis of a finding of disability. *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230 (6th Cir.1993). *See* 20 C.F.R. § 404.1529 and 42 U.S.C. § 423(d)(5)(A). Disability is to be determined after consideration of "the extent to which [a claimant's] symptoms can reasonably be accepted as consistent with objective medical evidence." 20 C.F.R. § 404.1529(a). In *Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115 (6th Cir.1994), the court explained this standard:

> In evaluating subjective complaints of disabling pain, this court looks to see whether there is objective medical evidence of an underlying medical condition, and if so then, 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or, 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* at 117 (*citing Jones v. Secretary of Health and Human Servs.*, 945 F.2d 1365, 1369 (6th Cir.1991) and *quoting Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir.1986)).

■ McCoy's chief complaint in this regard is that the ALJ would not credit the testimony of Mr. and Mrs. McCoy without objective medical evidence. By requiring objective medical evidence, the ALJ applied the proper legal standard.

At oral argument, counsel for McCoy argued that amendments to 20 C.F.R. § 404.1529 require alteration of this court's standard as set out in *Duncan*, 801 F.2d at 853. This section was last amended in 1991, after this court's decision in *Duncan*, but these amendments in no way made this section inconsistent with the standards applied by this court. *See Felisky v. Bowen*, 35 F.3d 1027 (6th Cir.1994).

**IV.**

The ALJ's finding of disability as of May 1, 1991, was based primarily on a report of an examination by Dr. Charles W. Bryan on that date. McCoy claims that the ALJ should have taken Dr. Bryan's report as substantiating the testimony of Mr. and Mrs. McCoy concerning Mr. McCoy's condition before that date. Dr. Bryan's report describes only "mild distress secondary to back pain" and provides no objective medical evidence on which the ALJ could have substantiated these subjective claims.

In 1992, Mrs. McCoy testified that Mr. McCoy "would have to go sit down because he couldn't stand the pain in ... his back" and that his pain was this severe "[f]or about a year and a half." However, this evidence is contrary to the objective medical evidence (i.e., Dr. Bryan's report) and this court must therefore defer to the ALJ's credibility determinations in this regard. *Stanley*, 39 F.3d at 118.

■ McCoy cites several cases from other circuits which allow "relating back" of a medical report, i.e., using a medical report to establish an onset of disability before the date of the report. Medical reports can also be used in this manner in this Circuit. *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir.1989); *Willbanks v. Secretary of Health and Human Servs.*, 847 F.2d 301 (6th Cir.1988). In these cases, a medical report was "related back" when the medical reports in evidence contradicted each other or when the medical evidence supported the subjective testimony to which it was related. *Blankenship*, 874 F.2d at 1123 (requiring objective medical evidence or objectively determined condition); *Willbanks*, 847 F.2d at 303–04 (Appeals Council reversed for disregarding doctor's report); *Jones*, 945 F.2d at 1370 (reversing Secretary's denial based on

subjective evidence consistent with "unanimous opinion of the treating physicians"). Here, there is no medical evidence supporting a finding of an earlier onset of disability and there is substantial evidence supporting the ALJ's findings.

Mr. McCoy likely did not become suddenly disabled on May 11, 1991. His condition possibly worsened incrementally up to that point. There is, however, no evidence in the record to indicate whether his condition worsened to the point of disability prior to that date. Dr. Bryan's report is the first medical evidence to establish significant impairment. McCoy presented no proof of a *disabling* back condition from any relevant time prior to that report.

Mr. McCoy's claims of pain might have been substantiated by reports of physicians which, according to the district court, had identified Mr. McCoy as a possible candidate for back surgery, but those recommendations were not incorporated into the record. The record merely reflects that Mr. McCoy told physicians and the ALJ that he had scheduled appointments to see neurosurgeons in Virginia.

**AFFIRMED.**