87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James H. ROWDEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-5630.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1996.
 
 Before: MARTIN and SILER, Circuit Judges; and HEYBURN, District Judge.[1]
 PER CURIAM.
 
 
 1
 James H. Rowden brings this appeal after the Commissioner denied his claim for disability insurance benefits and for supplemental security income under the Social Security Act. 42 U.S.C. § 423 and § 1382. Rowden, who was born September 5, 1945, is now a 50 year-old man and has a seventh grade education. Rowden claims that he has been disabled since June 6, 1989, due to severe impairments from a compression fracture of his T12 vertebrae and a left foot injury he suffered after falling from a ladder in 1981, hypertension and cardiac arrhythmias, and gastritis and esophageal reflux. Rowden received a period of disability from Social Security after his fall through May 1984. In February 1984, Rowden was released from treatment for the injuries he sustained in his fall.
 
 
 2
 On July 21, 1989, Rowden filed for disability benefits claiming to have been disabled from June 6, 1989. This claim was denied and Rowden did not appeal the decision. On January 23, 1992, Rowden applied again for disability insurance benefits and applied for supplemental security income benefits. These claims were denied on May 19, 1992. Rowden sought reconsideration, which was denied on August 5, 1992. Rowden then requested and received a hearing before an administrative law judge. The hearing took place on October 19, 1993. Rowden waived his right to be represented by counsel at the hearing. Rowden's witnesses included himself, his wife and mother. The administrative law judge also heard from a vocational expert. The hearing was thirty-eight minutes in length. The administrative law judge rendered a decision finding that Rowden was not disabled. The Appeals Council denied Rowden's request for review on March 17, 1994, and the administrative law judge's decision became the final decision of the Commissioner. Rowden then filed suit in district court.
 
 
 3
 The parties filed cross motions for summary judgment. On February 12, 1995, a United States magistrate filed a report and recommendation granting the Commissioner's motion for summary judgment. Rowden objected to two findings in the report and recommendation. On March 24, 1995, the district court adopted the magistrate's report and recommendation and this timely appeal followed.
 
 
 4
 On appeal, Rowden argues that the administrative law judge did not fully and fairly develop the record according to the heightened duty of care this Court has imposed on the administrative law judge in a pro se Social Security proceeding. Lashley v. Secretary of Health and Human Servs., 708 F.2d 1048, 1051-52 (6th Cir.1983). Lashley held that an administrative law judge has a special duty to "scrupulously and conscientiously probe into, inquire of, and explore all relevant facts" in a hearing where the claimant is unrepresented by counsel. Id. at 1052 (quoting Gold v. Secretary of Health, Educ. and Welfare, 463 F.2d 38, 43 (2d Cir.1972)). Whether the administrative law judge satisfied this heightened duty of care is determined on a case-by-case basis with no bright line rule to guide the administrative law judge's decisionmaking or our review. Id. While this Court will "scrutinize the record with care" where the claimant is unrepresented, id, our scrutiny does not require reversal merely because the record may not be as developed as it would otherwise be because the claimant proceeded pro se. Rather, the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts.
 
 
 5
 Rowden argues generally that the administrative law judge's questioning of the witnesses was superficial, evidenced by the fact that the hearing was short. Rowden also claims that the administrative law judge did not adequately develop the record pursuant to the standard in Lashley on several factual issues. To begin, Rowden insists that the administrative law judge failed to develop the record concerning his claim of depression. Rowden asserts that the administrative law judge had notice of his depression through three sources: Rowden's listing of Perphenazine as one of seven medications he took, Rowden's testimony that he was "distressed" from the "stress" of his situation, and his mother's testimony that he sits around and cries a lot and "stays in such a depressed mood that he, it really gets nerve racking." J.A. at 44.
 
 
 6
 While the record indicates that Rowden suffered from some type of mental anguish or depression, nothing in the record indicates that Rowden's mental distress was of a disabling or impairing nature. Neither the testimony of Rowden or his mother indicated that he suffered from a disabling mental illness so as to put the administrative law judge on notice that he should have inquired further into the matter. Rowden did not list a mental impairment as the basis of his claim for disability benefits and thus did not alert the administrative law judge to the relevancy of any mental condition to his claim of disability. Next, we daresay that many if not all claimants for disability benefits are stressed or distressed by the unfortunate circumstances that have caused them to appeal to the public for assistance. Finally, when the administrative law judge asked Rowden and his mother if they had anything more to add to their testimony, neither chose to elaborate on Rowden's mental anguish or illness. One would assume that the existence of a disabling mental condition would deserve more than passing mention. This testimony, without more, was not sufficient to trigger a duty to develop a record regarding a disabling mental condition.
 
 
 7
 The question remains whether Rowden's listing of Perphenazine imposed upon the administrative law judge the duty to inquire into his mental health. We believe that Rowden's listing of this drug, with no other medical evidence to indicate that he suffered from depression of a disabling nature (or that his depression was not controlled by the drug), was not sufficient to trigger the administrative law judge's duty to develop a record on this issue. While the consulting physician, Dr. Bruce Davis, listed "anxiety, depression, weakness/fatigue, sleep difficulty" as a miscellaneous item in Rowden's health history, J.A. at 220, Dr. Davis did not diagnose Rowden with a mental illness or condition. None of Rowden's other treating or consulting physicians mentions "depression" as a diagnosis and none of the physicians of record is responsible for prescribing Perphenazine to Rowden. When admitted to St. Thomas Hospital on April 1, 1992 for a bone graft and fusion on his left foot, Rowden did not list Perphenazine as a medication he was currently taking. Also, in his History of Chronic Illness, Dr. Fredi accidentally circled "Psychiatric" and then crossed through the word writing "error" beside it. Thus, although listing the drug on a social security form on March 28, 1993, the medical evidence fails to substantiate Rowden's claim that his depression was of a disabling nature. Furthermore, even if the depression was disabling, Rowden did not tell the administrative law judge that the drug was ineffective to control his depression. In fact, based on Rowden's own testimony, he was at most "distressed" over his health situation, indicating that if he was currently taking the Perphenazine it had resolved any disabling depression. In short, nothing in the record would have put the administrative law judge on notice that Rowden suffered from disabling depression. We do not believe that an administrative law judge is required to inquire into an allegedly relevant factual issue if nothing in the claimant's medical records or testimony of his witnesses brings to the attention of the administrative law judge a medical condition that may be of a disabling nature.
 
 
 8
 The administrative law judge did not fail to develop a record as to the other five drugs Rowden listed--"percodan, nitrogliseron, tagamet, cardene, pepcid, [and] nitrobid." The record includes medical records and reports from Drs. Lavoi, Saraswat and Snyder and provide the most reliable information regarding Rowden's medications and his medical conditions. In fact, during the Commissioner's review of Rowden's claims, Rowden was asked on several occasions to list his medications, particularly his pain medications. Rowden did not list any pain medication on one form, J.A. at 76, and listed only one or two medications from the list above on other forms. In any event, an adequate record of Rowden's medications is contained in the medical evidence submitted in this case.
 
 
 9
 We disagree with Rowden's contention that the administrative law judge did not adequately develop a record of his daily activities. Rowden described his activities in his application for benefits and the administrative law judge inquired as to those activities that would affect a determination of disability, such as whether Rowden could feed, bathe, and dress himself, whether he had a hobby, whether he exercised, whether he could drive, whether he had trouble sitting, whether he washed dishes and did laundry, and how long he could walk before he needed to stop and rest. J.A. at 40-45. When the administrative law judge asked his wife if she had anything else to add to Rowden's testimony that she just heard, she only wanted to tell the court that she knows how he suffers, that she has to rub his back during the night because he doesn't sleep, and that it was her opinion that he couldn't work because he didn't get enough sleep. Rowden, however, testified that his primary activities during the day were watching TV and sleeping. J.A. at 42. Based on the questions the administrative law judge posed to Rowden and his wife at the hearing, the judge adequately fulfilled his duty to inquire into Rowden's relevant activities.
 
 
 10
 We have reviewed the hypotheticals that the administrative law judge posed to the vocational expert. The hypotheticals are not worded to "mislead" Rowden as he contends. They are straightforward, containing proposed facts based on alternative findings the judge might make concerning Rowden's condition. The hypotheticals could not in any way be reasonably interpreted as misleading. Rowden may not have understood the significance of the questions, but this is a function of Rowden's unfamiliarity with the law governing his claim and not with the manner in which the administrative law judge posed the hypotheticals.
 
 
 11
 Rowden also argues that the administrative law judge abused his discretion by asking his wife and mother to leave the hearing room after they had testified. The Code of Federal Regulations, 20 C.F.R. § 404.944, provides that a social security hearing "is open to the parties and to other persons the administrative law judge considers necessary and proper." Thus, Rowden's wife and mother do not have a right to attend the hearing, but may attend so long as the administrative law judge considers their presence necessary and proper. Rowden claims that he needed the assistance of his wife and mother to respond to the vocational expert's testimony and was deprived of their assistance and moral support. Rowden did not voice this concern at the hearing or object to the judge's request that the witnesses leave the room. Without some showing that Rowden was disadvantaged in a meaningful way by the judge's request, or that the presence of the witnesses was necessary, the administrative law judge did not abuse his discretion in asking the witnesses to be excused.
 
 
 12
 Rowden's last argument on appeal is that the district court should have overturned the Commissioner's decision because it was not based on substantial evidence. Specifically, Rowden insists that the magistrate and district court did not consider evidence that fairly detracted from the weight of the evidence upon which the administrative law judge relied. This Court will not reverse if the Commissioner's decision is supported by "substantial evidence on the record as a whole." Lashley, 708 F.2d at 1053; 42 U.S.C. § 405(g) (stating that the findings of the Secretary as to fact shall be conclusive if based on substantial evidence). Substantial evidence is such evidence as reasonable minds would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 13
 We have already addressed Rowden's argument regarding his depression. Rowden also challenges the foundation of the vocational expert's testimony and the administrative law judge's conclusion that he retained residual capacity to perform limited sedentary work. The administrative law judge asked the vocational expert if his credentials were accurate and proceeded to ask for his opinion regarding the ability of someone with Rowden's limitations to perform various types of work. The district court did not err by not inquiring into the basis for the expert's opinion that two types of limited sedentary jobs existed in the national economy. Barker v. Shalala, 40 F.3d 789, 795 (6th Cir.1994) (an administrative law judge's decision to credit the testimony of the vocational expert is subject to substantial deference).
 
 
 14
 Rowden next argues that the administrative law judge improperly rejected the opinions of Rowden's treating physician, Dr. Snyder, and that of Dr. Saraswat, whom Rowden had seen on a few occasions in 1991. Dr. Snyder had concluded that Rowden could sit less than six hours per day and "should not engage in any prolonged sitting or walking due to his back and foot conditions." The administrative law judge reasoned that Dr. Snyder's opinion was entitled to less weight than ordinarily required because the medical evidence did not fully support Dr. Snyder's opinions. Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 287 (6th Cir.1994) (stating that a treating physician's opinion is not entitled to great weight if it is not supported by sufficient medical findings consistent with the evidence); see also 20 C.F.R. §§ 404.1527 and 416.927 (regarding evaluating medical opinions). Dr. Snyder reported that Rowden responded to medication for his rare musculoskeletal complaints and gave varying opinions regarding Rowden's physical abilities despite a lack of evidence that Rowden's condition was degenerative. J.A. at 18 (citing to Exhibits 28, 30 and 41). Based on these Exhibits, we agree that there is substantial evidence to support the administrative law judge's decision that Dr. Snyder's opinion was entitled to less weight than would ordinarily be accorded to a treating physician opinion.
 
 
 15
 Dr. Saraswat opined that Rowden could sit for less than six hours during an eight hour period because of labile hypertension, atypical chest pain, and "PVD" (Rowden states that this indicated degenerative joint disease). The administrative law judge gave Dr. Saraswat's opinion regarding this sitting limitation less than full weight because other evidence provided by Dr. Davis indicated that Rowden could sit for six hours in an eight hour day with limited standing over two hours, limited pulling, pushing, climbing, walking and limited environmental stressors such as heat, humidity, heights and irritating inhalants. J.A. at 222. In the face of conflicting medical evidence, the administrative law judge is ultimately charged with deciding whether the claimant is disabled. Walker v. Secretary of Health and Human Servs., 980 F.2d 1066, 1070 (6th Cir.1990) (citation omitted).
 
 
 16
 The administrative law judge did not manipulate the pain issue as Rowden suggests. On the "Pain Questionnaire" Rowden indicated that he couldn't function in daily life because of his pain. J.A. at 145. The administrative law judge posed a hypothetical to the vocational expert incorporating a possible finding of disabling pain. The vocational expert stated that a finding of this level of pain would eliminate the jobs he had identified as compatible with Rowden's residual functional capacity. Posing this hypothetical did not require the administrative law judge to find that Rowden suffered disabling pain, but created a record from which the administrative law judge could find that no jobs existed to match Rowden's residual capacity in the event that the judge concluded that Rowden suffered this degree of pain. McCoy v. Chater, 1995 WL 841919 (6th Cir.1995) (stating that "subjective claims of disabling pain must be supported by objective medical evidence in order to serve as the basis of a finding of disability") (citation omitted). The judge specifically questioned Rowden regarding his use of Percodan, a pain medication, and Rowden testified that he used it for eight years, that he was taken off it for a period of time as a prophylaxis to addiction, and was placed back on the drug two or three weeks ago. The administrative law judge asked Rowden if the Percodan helped him and Rowden answered "Sure, it helps me." Rowden also testified that he experienced no side effects from the drug. Again, when asked if he wanted to add to his testimony, Rowden did not state that he wanted to say more about his pain. We believe that the record supports the administrative law judge's finding that Rowden did not suffer disabling pain because, although Rowden has pain, we find no indication that the pain is uncontrolled. J.A. at 19-20.
 
 
 17
 Finally, our review of the record reveals that, although Rowden was unrepresented, he appeared to understand the questions asked and understood that he had the opportunity to elaborate as to any symptom he experienced or other fact relevant to a determination of disability. See, e.g., J.A. at 43, 52. Based on this record, we believe that the Commissioner's decision is supported by substantial evidence and is not contrary to law.
 
 
 18
 Judgment AFFIRMED.
 
 
 
 [1]
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation