**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BILLY W. JAMES,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

      Defendant-Appellee.

No. 96-7115
(D.C. No. CIV-95-166)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in this caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Billy James appeals the Commissioner's denial of his application for social security disability benefits. Because we find that the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence, and that the law was correctly applied, we affirm.

Plaintiff filed an application for disability benefits in October 1990, listing proximal tachycardia and hypertension as his disabling conditions. Appellant's App. at 25. A previous agency determination of May 14, 1984, finding plaintiff not disabled was not pursued on appeal; it thus became res judicata as to the question of any disability before that time. See McCoy v. Chater, 81 F.3d 44, 46 (6th Cir. 1995), cert. denied, 116 S. Ct. 2527 (1996). Plaintiff's last insured date is December 31, 1989. Thus, the issue is whether substantial evidence supports the ALJ's conclusion that plaintiff was not disabled between May 15, 1984 and December 31, 1989, because he retained the residual functional capacity to perform his past relevant work as an oil and gas head pumper.

"This court reviews the [Commissioner's] decision to determine only whether his findings are supported by substantial evidence and whether the [Commissioner] applied correct legal standards . . . ." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Commissioner. Id.

"Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1)(A). The Social Security Act further provides that "[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act provides that, in considering whether a person is disabled under Title II,

> [a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the

existence of a medical impairment . . . reasonably . . . expected to produce the pain or other symptoms alleged and which . . . would lead to a conclusion that the individual is under a disability.

42 U.S.C. § 423(d)5(A).

Plaintiff makes several related arguments to establish error in the ALJ's determination. The evidence relied on with regard to plaintiff's heart condition, however, comes down to two basic sources: (1) a form statement of disability, completed by plaintiff's treating physician, Dr. Rose, and prepared for submission to an insurance company apparently in connection with plaintiff's claim for disability insurance, and (2) plaintiff's own testimony.

The ALJ discounted Dr. Rose's assessment of plaintiff's disability and gave extensive reasons for doing so. We find no error in his conclusion. A treating physician is free to offer an opinion about a claimant's condition and about the nature and severity of any impairments. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). However, controlling weight will be given to such an opinion only "if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." Id. Additionally, because the determination of disability is the ultimate responsibility of the Commissioner, a treating physician's opinion as to a claimant's disability is not dispositive. See id. If a treating physician's opinion is not supported by specific findings, it may be rejected, see id., as long

-4-

as specific and legitimate reasons for doing so are given.  See Washington v. Shalala, 37 F.3d 1437, 1440 (10th Cir. 1994).  Our review of the record reveals no objective clinical or laboratory findings to support any of Dr. Rose's conclusions.  There is thus substantial evidence supporting the ALJ's decision to disregard the opinion of plaintiff's treating physician.  Moreover, the ALJ properly and thoroughly explained his reasons for discounting this evidence, and we will not reiterate that analysis here.  See Appellant's App. at 129-130.

With respect to the condition of plaintiff's right knee during the relevant period, the ALJ correctly observed that there is no evidence of disabling knee problems prior to September 1990, nine months after plaintiff's insured status expired.  We also note, parenthetically, that plaintiff did not even list his knee problem as a source of disability in his initial application and raised the issue only at the time of the supplemental hearing upon a remand from the district court.

Plaintiff had a complete knee replacement in October 1990, and, while we agree with plaintiff that it is unlikely his knee deteriorated in the relatively short time between December 1989 and October 1990 to such an extent that this aggressive procedure was necessary, we also note that it is plaintiff's burden to prove that his knee problem was disabling before December 31, 1989.  There is no such evidence in this record.  We have no doubt that plaintiff experienced knee pain prior to the expiration of his insured status.  However, "[d]isability requires

more than mere inability to work without pain.  To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).  While there is a retrospective opinion by a treating physician in the record that plaintiff probably had degenerative changes in his right knee during the relevant time period, there is no evidence in the record that plaintiff's knee pain, either alone or in combination with his heart problem, had reached a disabling degree of severity before December 31, 1989.  Plaintiff's own testimony, without more, is insufficient to establish such disability. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992).

Plaintiff argues that the vocational expert (VE) who testified at his hearing should have been asked about plaintiff's ability to tolerate stress.  We disagree. The only evidence in the record that plaintiff suffered from the effects of stress is a box checked on the form filled out by Dr. Rose, mentioned above.  This conclusion is unsupported by objective findings and was properly rejected by the ALJ.  Because plaintiff's allegation of a stress-related impairment was not supported by substantial evidence, the ALJ was under no obligation to include that alleged impairment in the hypothetical posed to the VE. See Jordan v. Heckler, 835 F.2d 1314, 1317 (10th Cir. 1987).

Plaintiff's contention that the ALJ overstepped his bounds in concluding that plaintiff is capable of light work is without merit. It is the duty of the ALJ to determine the residual functional capacity of a claimant. See Williams v. Bowen, 844 F.2d 748, 751-52 (10th Cir. 1988) (assigning to decision maker the task of determining the type of work, based on physical requirements, the claimant can perform). The ALJ properly considered all the evidence of record here and his conclusion that plaintiff can engage in light work is supported by substantial evidence. Further, the hypothetical posed to the VE properly included factors and characteristics supported by the evidence and no more.

Plaintiff also argues that it was error for the ALJ to conclude that he could return to his past relevant work without some allowance for his need to avoid heights or dangerous machinery. We note that the evidence establishes that plaintiff had been taking regular and carefully monitored dosages of medication to control his hypertension and tachycardia. He had not had an episode of syncope since 1985. To the extent that the ALJ's conclusion implies no need for plaintiff to avoid heights and dangerous machinery, we find that conclusion supported by substantial evidence. We further note that there is no evidence in the record to establish that the job of head pumper would be compromised by a need to abide by height restrictions and a need to avoid dangerous machinery.

Plaintiff's position that he should be disabled as per the regulations set out at Rule 201.1, Table No. 1, Part 404, subpt. p, Appendix 2 of 20 C.F.R., Ch. III ("the grids"), is without merit. The ALJ's conclusion that plaintiff can engage in light work is supported by substantial evidence, making that regulation inapplicable.

Finally, the ALJ's determination finding plaintiff's allegation of disabling pain to be not fully credible is supported by the record and properly discussed and analyzed by the ALJ. We accord deference to an ALJ's credibility determination, see Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991), and will not reverse on the basis of this record.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-8-