[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16327
Non-Argument Calendar

_____

D. C. Docket No. 05-00179-CV-BH-B

BRENDA L. HARRISON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 15, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Brenda Harrison appeals the district court's order affirming the Commissioner's denial of her application for disability and disability insurance benefits, 42 U.S.C. § 405(g). Harrison raises two issues on appeal. We address each issue in turn.

## I.

Harrison first asserts the Administrative Law Judge (ALJ) failed to apply the correct standard in evaluating the testimony of her husband. Harrison notes the following portion of the ALJ's opinion:

> Mr. Harrison's statements regarding the severity of his wife's pain and her difficulties relative to that pain appear to be based solely on his wife's statements to him inasmuch as he could not know the true severity of someone else's pain and he failed to provide specific examples of instances or occurrences substantiating his otherwise conclusory statements.

Harrison contends the ALJ misstated the evidence by stating that Harrison's husband did not provide examples to substantiate his statements. Additionally, Harrison argues the ALJ did not cite any authority supporting his standard for evaluating witness testimony. Harrison asserts the ALJ violated 20 C.F.R. §§ 404.1512 and 1513, Social Security Ruling 96-7p, and Social Security Ruling 06-03p.

The ALJ is required to apply a three-part test in evaluating a claimant's subjective testimony of pain. The pain standard requires:

(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62. When an ALJ explicitly finds a claimant's testimony is not credible, the credibility determination as to a spouse may be implied by that rejection. *See Tieniber v. Heckler*, 720 F.2d 1251, 1254-55 (11th Cir. 1983) (explicit credibility finding as to spouse not required if implicit rejection of that testimony is obvious); *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. April 15, 1981) (credibility determination as to spouse was clearly implied in explicit ruling on claimant's testimony).[1]

Statements by spouses may be considered as other evidence of a claimant's impairment pursuant to 20 C.F.R. §§ 404.1512 and 1513. Social Security Ruling 96-7p provides that an assessment of the credibility of an individual's statements about pain or other symptoms must be based on all of the evidence in the case record, including objective medical evidence, the individual's statements,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this Court adopted as binding precedent decisions of the Fifth Circuit rendered prior to October 1, 1981.

statements by treating or examining physicians, and other information. Social Security Ruling 06-03p provides the Social Security Administration will consider testimony from non-medical sources, such as spouses. That ruling also states

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

S.S.R. 06-03p.

The ALJ explicitly stated he found Harrison's testimony "not entirely credible." He supported that conclusion by noting: (1) the lack of objective evidence to support her claims; (2) her activities, including maintaining a household for herself and two small children, and having the ability to do yard work, drive an automobile, shop, and care for her own personal needs; and (3) "[t]he infrequent and often total lack of continuous medical treatment." Harrison does not challenge the ALJ's rejection of her subjective complaints of pain. While Harrison questions the manner in which the ALJ rejected her husband's testimony, "there was a clear, though perhaps implicit, rejection of the subjective testimony as to the disabling nature of [Harrison's] pain." *See Allen*, 642 F.2d at 801. It is true there were inconsistencies in the manner in which the

4

ALJ rejected Mr. Harrison's testimony. The ALJ stated Mr. Harrison had not given examples substantiating his statements while noting Mr. Harrison's testimony that he observed Harrison having difficulty standing and walking. Harrison also points to other specific examples given by Mr. Harrison. It is also true, however, that the ALJ in this case, unlike the one in *Tieniber*, provided a reason for rejecting the spouse's testimony. Even assuming, *arguendo*, the ALJ erred in making the inconsistent statement and in applying the standard he applied in evaluating Mr. Harrison's testimony, that error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ's mischaracterization of claimant's past relevant work was harmless error because such characterization was irrelevant where the ALJ found no severe impairment). The ALJ found the subjective testimony regarding the disabling nature of Harrison's pain was not entirely credible, and he gave reasons to support that determination. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) (stating we review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards). Thus, even if there was error, it did not affect the ALJ's final determination in this case.

II.

Harrison next contends the ALJ erred by finding a different residual functional capacity in 2004 than he found in 2001, when he was considering the same medical records and employing the same reasoning. According to Harrison, any determination where there has been a decrease in the severity of medical symptoms must be based on improvements in the symptoms, signs, and/or laboratory findings associated with the impairments in order to meet the requirements of 20 C.F.R. § 404.1594. Harrison asserts the ALJ gave no articulated explanation regarding how he arrived at each residual functional capacity.

> Social Security Administration regulations provide:
>
> [m]edical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision *that you were disabled or continued to be disabled*. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s).

20 C.F.R. § 404.1594(b)(1) (emphasis added).

The 2001 decision was vacated, and thus, the ALJ was not bound by that decision. Additionally, Harrison was never classified as disabled, so the ALJ was not required to show medical improvement under 20 C.F.R. § 404.1594 because that regulation refers to improvements that have taken place since "the most recent favorable decision that you were disabled or continued to be disabled." Moreover,

6

the ALJ's determination that Harrison could perform sedentary work was supported by the evidence.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567. A few examples of the evidence supporting the ALJ's conclusion are: (1) Harrison reported that she was able to drive and take care of her own personal needs; (2) x-rays of Harrison's knee and lumbar spine taken in 1989 were normal; and (3) Harrison admitted that she was not undergoing back treatment at the time of the 2001 hearing and that it had been approximately a year and a half to two years since she last had treatment for her back.

The ALJ clearly articulated the reasoning behind the determination. The ALJ noted:

> during the relevant period under consideration, the claimant possessed the physical capacities and limitations to sit for two hours at a time, up to a maximum of six hours in an eight hour workday, stand and/or walk for a total of two hours in an eight hour workday, and frequently lift and/or carry 10 pounds, with no restriction in her ability to use her hands and arms for simple grasping, fine manipulation, pushing and pulling or frequent reaching.

The ALJ added he "assigned determinative evidentiary weight to the medical

findings and opinions expressed by the claimant's treating military physicians, Dr. C. Lipton and Dr. Michael LeCompte, as well as the evidence contained in the treatment records from the various Navy and Army clinics and hospitals." The ALJ's residual functional capacity determination was supported by substantial evidence, and the ALJ clearly articulated the manner in which he arrived at that determination.

**AFFIRMED.**